FILED

2019 Sep-19  PM 04:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **GLORIA FERGUSON and CASSANDRA MCCLINTON, individually and on behalf of others similarly situated,** | ) ) ) ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Case No.  2:19-cv-01135-MHH** |
| | ) | |
| **BBVA COMPASS BANCSHARES, INC., COMPASS BANCSHARES, INC., and BBVA USA BANCSHARES, INC.,** | ) ) ) ) ) | <u>**Oral Argument Requested**</u> |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM IN SUPPORT OF
## <u>DEFENDANTS' MOTION TO DISMISS</u>

This is an ERISA retirement benefits case over the BBVA Compass Bancshares 401(k) Plan. Plaintiffs are participants in the Plan. They claim that BBVA breached its fiduciary duties through its selection of some of the many investment options that Plan participants could choose. Although the Plan gives the Retirement Committee discretion to review such claims and issue "final, binding and conclusive" decisions, the named plaintiffs failed to submit any claim to the Committee or to otherwise follow the Plan's claims procedure before filing suit. The Eleventh Circuit has squarely held a plaintiff must exhaust available administrative remedies before filing a lawsuit alleging breach of fiduciary duty under ERISA.

*Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1224 (11th Cir. 2008). Plaintiffs' failure to exhaust their administrative remedies before filing suit precludes the Court's jurisdiction and warrants dismissal.

## FACTUAL BACKGROUND

The Plan is a defined contribution plan. Doc. 1, ¶ 3. *See* Declaration of Troy Farnlacher (attached at Tab 1) Ex. A. It permits eligible employees to defer a certain percentage of their compensation into retirement savings. *See* Tab 1 Ex. A, Plan, §§ 4.1, 4.2; Doc. 1, ¶ 19. The employees direct their contributions into one or more of the several available investment options. *See* Tab 1 Ex. A, Plan, § 5.2; Doc. 1, ¶¶ 20–22.

The Plan confers upon the Retirement Committee the discretion to construe and interpret the Plan, decide all questions of eligibility, determine the manner and timing of distributions under the Plan, set a funding policy, and select the Plan's investment options. Tab 1 Ex. A, Plan, §§ 5.1, 10.5(a), (g), (h). The Retirement Committee's decisions are "final, binding and conclusive on all parties having or claiming a benefit under [the] Plan." *Id.* § 10.5. The Retirement Committee therefore has the absolute discretion to make the initial decisions relevant to Plaintiffs' breach of fiduciary duty claims.

The Plan further establishes a claim and review procedure for aggrieved participants and beneficiaries. *See generally* Tab 1 Ex. A, Plan, § 8.7. The participant

or beneficiary (the claimant) must first submit her claim to the Retirement Committee. *Id.* § 8.7(a). If the claim is denied, the Retirement Committee must supply a written denial within a reasonable time period, ordinarily 90 days. *Id.* § 8.7(a)(1). The Plan then gives the claimant the right to appeal the denial within 60 days, along with the right to submit additional support for the claim. *Id.* § 8.7(a)(2). The Plan requires the Retirement Committee to issue a written decision on the claimant's appeal within a reasonable time, usually 60 days. *Id.* The Plan specifically provides that, only "[a]fter exhaustion of the claims and review procedure as provided," may the claimant bring a civil action under 29 U.S.C. § 1132. *Id.* § 8.7(c).

On April 23, 2019, BBVA received a request for Plan documents from Plaintiffs' counsel on behalf of Gloria Ferguson. *See* Tab 1 Ex. C. BBVA responded on May 24, 2019, by providing Plaintiffs' counsel with a copy of all documents that 29 U.S.C. § 1024(b)(4) requires and asking counsel to refine its initial, overly broad requests. *See id.* Plaintiffs' counsel responded with additional requests on June 18, 2019. *See id.* Before BBVA had the opportunity to address the additional requests, Plaintiffs sued BBVA. *See* Doc. 1. The next day, BBVA forwarded several of the additional documents Plaintiffs' counsel had requested, as an accommodation. *See* Tab 1 Ex. C.

The Complaint admits that Plaintiffs failed to pursue any administrative remedies before filing suit. Doc. 1 at 2, n.2. As purported justification, the complaint

3

merely alleges that, "to the extent Defendant alleges that some other procedure [for administrative review] exists, based upon the information available to the Named Plaintiffs, it is clear such procedures and process are futile." *Id.* at 3, n.2.

## STANDARD OF REVIEW

BBVA moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction for Plaintiffs' failure to exhaust their administrative remedies. *Cf. Herman v. Hartford Life & Accident Ins. Co.*, 508 F. App'x 923, 926 (11th Cir. 2013) (identifying the exhaustion requirement as a "jurisdictional defense"). Plaintiffs bear the burden to show that subject matter jurisdiction exists. *Lawrence v. Nation*, 192 F. Supp. 3d 1260, 1272 (M.D. Ala. 2016) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

Alternatively, to the extent the exhaustion requirement is not jurisdictional, BBVA moves under Rule 12(b)(6). "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). It requires the court to accept all well-pled factual allegations as true; however, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

The court may consider a document outside of the complaint on a motion to dismiss if the document is central to the allegations in the complaint. *Brooks v. Blue*

*Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). The Plan, Summary Plan Description, and correspondence between Plaintiffs' counsel and BBVA are central to Plaintiffs' claims and are therefore appropriate for this Court to consider at this stage. *See Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006) (relying on plan documents as central to the plaintiff's ERISA claim while reviewing a Rule 12(b)(6) dismissal). *See also* Doc. 1 at 2 n.2 (describing counsel's correspondence with BBVA), ¶¶ 2, 3, 19–22 (identifying, describing, and relying on the Plan and Summary Plan Description).

## ARGUMENT

### I. Plaintiffs failed to exhaust the Plan's administrative remedies before filing suit.

It is firmly established within the Eleventh Circuit that a plaintiff must exhaust available administrative remedies before suing to enforce a statutory right under ERISA. *Counts v. Am. Gen. Life & Accident Ins. Co.*, 111 F.3d 105, 109 (11th Cir. 1997) (citing *Springer v. Wal–Mart Assocs.' Grp. Health Plan*, 908 F.2d 897, 899 (11th Cir. 1990); and *Mason v. Continental Grp., Inc.*, 763 F.2d 1219, 1225–27 (11th Cir. 1985)). The exhaustion requirement applies to claims for breach of fiduciary duty under § 1132. *Lanfear*, 536 F.3d at 1224; *Bickley*, 461 F.3d at 1326, 1328. The exhaustion requirement exists to "minimize the cost of dispute resolution, enhance the plan's trustees' ability to carry out their fiduciary duties expertly and efficiently by preventing premature judicial intervention in the decisionmaking process, and

allow prior fully considered actions by pension plan trustees to assist courts if the dispute is eventually litigated." *Mason*, 763 F.2d at 1227. *See* 29 U.S.C. § 1133 ("[E]very employee benefit plan shall . . . afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim."). The courts "strictly enforce [the] exhaustion requirement on plaintiffs bringing ERISA claims." *Perrino v. Southern Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1315 (11th Cir. 2000).

By their own admission, Plaintiffs have failed to submit any form of claim to the Retirement Committee, as required under the Plan, let alone follow the Plan's entire claim and review procedure, before filing suit. *See* Doc. 1, at 2 n.2. *Compare* Tab 1 Ex. A, Plan, § 8.7(c) ("After exhaustion of the claims and review procedure as provided herein, nothing shall prevent the claimant from pursuing any other legal or equitable remedy otherwise available, including the right to bring a civil action under Section 502(a) of ERISA, if applicable."). By failing to even initiate the Plan's internal claims process, Plaintiffs have deprived the Retirement Committee of the opportunity to efficiently address Plaintiffs' concerns. *See Mason*, 763 F.2d at 1227. Plaintiffs have further deprived the Court of the benefit of the Retirement Committee's reasoned decision and an administrative claims file to review. *Id.*; *Bickley*, 461 F.3d at 1330.

Dismissal is the appropriate remedy for Plaintiffs' failure to exhaust their administrative remedies. *See, e.g.*, *Bickley*, 461 F.3d at 1327 (affirming dismissal for failure to exhaust); *Variety Children's Hosp., Inc. v. Century Med. Health Plan, Inc.*, 57 F.3d 1040, 1042 (11th Cir. 1995) (same); *Springer*, 908 F.2d at 902 (directing dismissal for failure to exhaust); *Perrino*, 209 F.3d at 1319 (affirming grant of summary judgment for failure to exhaust); *Counts*, 111 F.3d at 109 (same); *Harrison v. United Mine Workers of Am. 1974 Benefit Plan & Trust*, 941 F.2d 1190, 1193 (11th Cir. 1991) (same); *Merritt v. Confederation Life Ins. Co.*, 881 F.2d 1034, 1035 (11th Cir. 1989) (same). The Complaint is therefore due to be dismissed for failure to exhaust administrative remedies provided by the Plan.

## II.   The Plan provides an administrative remedy for breach of fiduciary duty.

The Plan's claims process covers the Plaintiffs' claims here. The complaint wrongly suggests that the Plan offers no administrative remedy for breach of fiduciary duty. *See* Doc. 1, at 2 n.2. This conclusory allegation does not suffice. *See Davila*, 326 F.3d at 1185. As the Plan's language demonstrates, Plaintiffs could have presented their claims to the Retirement Committee for relief but did not.

First, the claim and review procedure in Section 8.7 of the Plan applies to every "claim for benefits" and creates an internal appeal process for every "denial of benefits." *See* Tab 1 Ex. A, Plan, § 8.7(a)(1), (2). This language encompasses a claim for breach of fiduciary duty under ERISA, which the Eleventh Circuit has held

7

is a claims for benefits. *Lanfear*, 536 F.3d at 1223. *See id.* at 1220 ("We conclude that a complaint for breach of fiduciary duty that seeks restitution of the diminished value of a defined contribution plan is [a claim] for benefits, not damages."). *See also* Doc. 1, ¶ 147(b) (requesting that the Court "make good all losses to the Plan resulting from each breach of fiduciary duty" and "restore the Plan to the position it would have occupied but for the breaches of fiduciary duty"); *LaRue v. DeWolff, Boberg & Assocs., Inc.*, 552 U.S. 248, 257–58 (2008) (Roberts, C.J., concurring). Thus, Plaintiffs had an obligation to exhaust the Plan's claim and review procedure before filing suit. *See Lanfear*, 536 F.3d at 1223 ("The law is clear in this circuit that plaintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court.").

Second, the Plan grants absolute discretion to the Retirement Committee to make final, binding claims decisions. Such discretion and decisionmaking authority creates an administrative remedy that must be exhausted. *See id.* at 1224 (holding the plan at issue provides an administrative remedy for breach of fiduciary duty by "grant[ing] its administrators 'complete control of the administration of the Plan . . . , with all discretionary authority and powers necessary to enable it properly to carry out its duties,' including the duty 'to construe the Plan and to determine all questions that shall arise thereunder'" (alteration in original)). The Plan is clear that the Retirement Committee has the authority to choose investment funds, set

investment policy, construe the Plan, and direct distributions. *See* Tab 1 Ex. A, Plan, §§ 5.1, 10.5(a), (g), (h). "The Committee's decision shall be final, binding and conclusive on all parties having or claiming a benefit under th[e] Plan." *Id.* § 10.5. This "grant of discretionary authority" is "sufficient to establish the availability of an administrative remedy." *Lanfear*, 536 F.3d at 1224.

Third, the Plan does not designate a lawsuit in federal court as the only remedy for a breach of fiduciary duty claim. *Compare* Doc. 1, at 3 n.2. The Plan informs participants and beneficiaries of their right to bring suit only after exhausting the claims procedure. Tab 1 Ex. A, Plan, § 8.7(c). Nothing about this statement excuses the exhaustion prerequisite. *See Bickley*, 461 F.3d at 1329; *Springer*, 908 F.2d at 900 ("The very premise of the exhaustion requirement, therefore, is that the right to seek federal court review matures only after that requirement has been appropriately satisfied or otherwise excused.").

Plaintiffs cannot rely on their unsupported allegation that the Plan does not provide an administrative remedy to excuse their failure to exhaust the Plan's internal claims procedure. *See Bickley v. Caremark Rx, Inc.*, 361 F. Supp. 2d 1317, 1323 (N.D. Ala. 2004) ("If an allegation in the Complaint is based on a writing and the writing contradicts the allegation, the writing controls.") (citing *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)).

### III.   Pursuing the Plan's administrative remedy would not have been futile.

Moreover, Plaintiffs cannot rely on their conclusory allegation that their following the Plan's claims procedure would have been "futile." *Compare* Doc. 1, at 3 n.2. A court may excuse a plaintiff's failure to exhaust his administrative remedies before filing a claim under ERISA only in certain "exceptional circumstances," where the plaintiff has no "meaningful access to administrative proceedings." *Perrino*, 209 F.3d at 1315–16; *Lanfear*, 536 F.3d at 1224–25. However, "bare allegations of futility" are not enough. *Springer*, 908 F.2d at 901 (quoting *Makar v. Health Care Corp.*, 872 F.2d 80, 83 (4th Cir. 1989)). When the plaintiff has not even attempted to pursue the plan's internal claims procedure, her "claim of futility is merely speculative." *Bickley*, 461 F.3d at 1330. *See Robyns v. Reliance Standard Life Ins. Co.*, 130 F.3d 1231, 1238 (7th Cir. 1997).

Plaintiffs can point to nothing to show that they have been denied meaningful access to the Plan's administrative remedies. Plaintiffs filed their Complaint in the midst of their initial requests for Plan documents from BBVA, which BBVA was actively responding to. *See* Tab 1 Ex. C. Because Plaintiffs have not even attempted to initiate the Plan's internal claims process (Doc. 1, at 2 n.2), they cannot possibly demonstrate futility. Plaintiffs' conclusory allegation that the Plan's claims process is "futile" is "merely speculative" and does not come close to the "clear and positive

showing of futility . . . required before suspending the exhaustion requirement."
*Springer*, 908 F.2d at 901 (alteration in original) (internal quotation marks omitted).

**<u>CONCLUSION</u>**

For the reasons stated herein, the Court should dismiss the Complaint for
failure to exhaust the Plan's administrative remedies.

Respectfully submitted,

/s/ Scott Burnett Smith
Scott Burnett Smith
BRADLEY ARANT BOULT CUMMINGS
LLP
200 Clinton Avenue West, Suite 900
Huntsville, Alabama 35801-4900
(256) 517-5100
(256) 517-5200 (fax)
ssmith@bradley.com

/s/ Leigh Anne Hodge
Leigh Anne Hodge
BRADLEY ARANT BOULT CUMMINGS
LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
(205) 521-8000
(205) 521-8800 (fax)
lhodge@bradley.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Dennis George Pantazis, Jr.
WIGGINS, CHILDS, PANTAZIS, FISHER & GOLDFARB, LLC
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500
(205) 254-1500 (fax)
sgpjr@wigginschilds.com

James H. White, IV
JAMES WHITE FIRM, LLC
2100 1st Avenue North, Suite 600
Birmingham, Alabama 35203
(205) 383-1812
james@whitefirmllc.com

Lange Clark
LAW OFFICE OF LANGE CLARK. P.C.
301 19th Street North, Suite 550
Birmingham, Alabama 35203
(205) 939-3933
(205) 939-1414 (fax)
langeclark@langeclark.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

NONE

/s/ Scott Burnett Smith
OF COUNSEL