FILED
2019 Sep-25  PM 02:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **GLORIA FERGUSON and CASSANDRA MCCLINTON,** individually and on behalf of others similarly situated, <br><br> **Plaintiffs,** <br> v. <br><br> **BBVA COMPASS BANCSHARES, INC., COMPASS BANCSHARES, INC., and BBVA USA BANCSHARES, INC.,** <br><br> **Defendants.** | Case No. 2:19-cv-01135-MHH <br><br> **UNOPPOSED** |

## UNOPPOSED MOTION TO STAY RULE 26 OBLIGATIONS

Defendants BBVA Compass Bancshares, Inc., Compass Bancshares, Inc., and BBVA USA Bancshares, Inc., move this Court to stay the parties' obligations to confer and make initial disclosures under Federal Rule of Civil Procedure 26 and this Court's Initial Order (Doc. 11) until the Court rules on their pending motion to dismiss. The undersigned has conferred with Plaintiffs' counsel, who does not oppose a stay of the parties' Rule 26 obligations while the motion to dismiss is pending.

The Court's ruling on the motion to dismiss will materially affect the course of discovery. If granted, the motion will result in the dismissal of the case without

discovery. Staying any Rule 26 obligations during the pendency of the motion will allow the parties to avoid the burden and expense of discovery altogether. Dispositive motions filed prior to the commencement of discovery weigh heavily in favor of issuing a stay. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367–68 (11th Cir. 1997); *Moore v. Potter*, 141 F. App'x 803, 807–08 (11th Cir. 2005).

Plus, as "an action for review on an administrative record," this case is exempt from the Rule 26 conference and initial disclosure obligations. FED. R. CIV. P. 26(a)(1)(B)(i), (f)(1). Plaintiffs assert claims for breach of fiduciary duty under ERISA, which are "claims for benefits." *See generally* Doc. 1. *See Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1223–24 (11th Cir. 2008). After Plaintiffs have exhausted their administrative remedies, any judicial review under ERISA would be limited to the administrative record reviewed by the claim administrator. *See Jett v. Blue Cross & Blue Shield of Ala., Inc.*, 890 F.2d 1137, 1139 (11th Cir. 1989). *See also Buckley v. Metropolitan Life*, 115 F.3d 936, 941 n.2 (11th Cir. 1997). This action thus falls within Rule 26(a)(1)(B)'s exemption.

## CONCLUSION

In light of these concerns, Defendants request that the Court stay all Rule 26 obligations of the parties.

        Respectfully submitted,

        /s/ Leigh Anne Hodge
        Leigh Anne Hodge

OF COUNSEL:

Leigh Anne Hodge
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
(205) 521-8000
(205) 521-8800 (fax)
lhodge@bradley.com

Scott Burnett Smith
BRADLEY ARANT BOULT CUMMINGS LLP
200 Clinton Avenue West, Suite 900
Huntsville, Alabama 35801-4900
(256) 517-5100
(256) 517-5200 (fax)
ssmith@bradley.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Dennis George Pantazis, Jr.
>WIGGINS, CHILDS, PANTAZIS, FISHER & GOLDFARB, LLC
>301 19th Street North
>Birmingham, Alabama 35203
>(205) 314-0500
>(205) 254-1500 (fax)
>sgpjr@wigginschilds.com
>
>James H. White, IV
>JAMES WHITE FIRM, LLC
>2100 1st Avenue North, Suite 600
>Birmingham, Alabama 35203
>(205) 383-1812
>james@whitefirmllc.com
>
>Lange Clark
>LAW OFFICE OF LANGE CLARK. P.C.
>301 19th Street North, Suite 550
>Birmingham, Alabama 35203
>(205) 939-3933
>(205) 939-1414 (fax)
>langeclark@langeclark.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

>NONE

/s/ Leigh Anne Hodge
OF COUNSEL