FILED

2020 May-22  PM 03:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **GLORIA FERGUSON and CASSANDRA MCCLINTON, individually and on behalf of others similarly situated,** | ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **Case No.  2:19-cv-01135-MHH** |
| **BBVA COMPASS BANCSHARES, INC., COMPASS BANCSHARES, INC., and BBVA USA BANCSHARES, INC.,** | ) ) ) ) ) ) | <u>**Oral Argument Requested**</u> |
| **Defendants.** | ) | |

<u>**DEFENDANTS' MOTION TO ALTER OR AMEND, MOTION FOR CERTIFICATION OF IMMEDIATE APPEAL, MOTION TO STAY PENDING RESOLUTION OF § 1292(B) PROCEEDINGS, AND MEMORANDUM IN SUPPORT**</u>

On May 12, 2020, the Court entered an order denying BBVA's motion to dismiss for the Plaintiffs' failure to exhaust administrative remedies under the BBVA Compass Bancshares 401(k) Plan. (*See* Doc. 23.) The Court, citing *Watts v. BellSouth Telecommunications, Inc.*, 316 F.3d 1203 (11th Cir. 2003), held counsel's reliance on language in the Summary Plan Description excused the Plaintiffs' failure to pursue the Plan's administrative remedies.

BBVA asks the Court, pursuant to Federal Rule of Civil Procedure 59(e), to reconsider its denial of BBVA's motion to dismiss. The Court clearly erred as a

matter of law by using the SPD to circumvent the Plan's plain terms. *See CIGNA Corp. v. Amara*, 563 U.S. 421, 438 (2011). In addition, because Plaintiffs have already invoked the Plan's administrative claims process and have been pursuing it since October 2, 2019, they should be required to complete it. The Retirement Committee issued its decision on April 1, 2020. The Retirement Committee's decision letter is attached as Exhibit A. Plaintiffs' 60-day period to administratively appeal the decision expires on June 1, 2020. (*See* Doc. 15-1, p. 72, § 8.7(a)(2).) Further, several courts have declined to apply *Watts* to allow counsel's misinterpretation of the law to excuse a plan participant's failure to exhaust administrative remedies. Doing so creates perverse incentives and allows participants to easily circumvent the exhaustion requirement established by controlling Eleventh Circuit precedent. *See Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1223–24 (11th Cir. 2008).

Alternatively, BBVA asks the Court to certify its order for immediate appeal under 28 U.S.C. § 1292(b) and stay the case pending final resolution of the appeal. Whether an ERISA plan participant or her attorney may rely on the SPD to excuse her failure to exhaust administrative remedies is a controlling question of law for which substantial grounds exist for difference of opinion. This is made clear by the Supreme Court's decision in *CIGNA*, which was briefed by BBVA in support of its motion (Doc. 20, p. 4–8), but was not addressed by this Court in reaching its decision

(*see generally* Doc. 23). Certification of this question to the Eleventh Circuit would allow the parties and the Court to avoid wasting resources from this point forward, which may ultimately be unnecessary if the appellate court determines that judicial review over Plaintiffs' claims should be limited to the administrative record.

To certify the order for interlocutory appeal to the Eleventh Circuit, the Court must amend its order under Federal Rule of Civil Procedure 59(e) and expressly find that it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). If the Court is inclined to certify its order for interlocutory review, it must "so state in writing in such order." *Id.* It should also "specify the controlling question of law it has in mind." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004).

ARGUMENT

## I.   The Court should reconsider its denial of BBVA's motion to dismiss.

BBVA asks the Court to reconsider its denial of the motion to dismiss. The court "may alter or amend a judgment that is based on 'manifest errors of law or fact.'" *Jenkins v. Anton*, 922 F.3d 1257, 1263 (11th Cir. 2019) (quoting *MetLife Life*

& *Annuity Co. of Conn. v. Akpele*, 886 F.3d 998, 1008 (11th Cir. 2018)). Here, the Court's order introduces three manifest errors of law or fact.

First, the Court's order uses an excerpt from the SPD to alter the Plan's clear unqualified direction that a participant must exhaust the Plan's claims procedure before filing suit. Resolving any perceived conflict in favor of the SPD is contrary to Supreme Court precedent. "[T]he summary documents, important as they are, provide communication with beneficiaries *about* the plan, but . . . their statements do not themselves constitute the *terms* of the plan." *CIGNA*, 563 U.S. at 438. *See also LaRue v. DeWolff, Boberg & Assocs., Inc.*, 552 U.S. 248, 258–59 (2008) (Roberts, C.J., concurring) (recognizing the importance of exhaustion under ERISA as a "safeguard[] for plan administrators"). *CIGNA* "precludes courts from enforcing summary plan descriptions . . . where the terms of that summary *conflict* with the terms specified in other, governing plan documents." *Bd. of Trs. of Nat'l Elevator Indus. Health Benefit Plan v. Montanile*, 593 F. App'x 903, 910 (11th Cir. 2014), *rev'd on other grounds*, 136 S. Ct. 651 (2016). *See Engleson v. Unum Life Ins. Co. of Am.*, 723 F.3d 611, 620 (6th Cir. 2013); *Holmes v. Colo. Coal. for Homeless Long Term Disability Plan*, 762 F.3d 1195, 1200, 1203 (10th Cir. 2014).

The Plan's exhaustion requirement is clear. "After exhaustion of the claims and review procedure as provided herein, nothing shall prevent the claimant from pursuing any other legal or equitable remedy otherwise available, including the right

4

to bring a civil action under Section 502(a) of ERISA, if applicable." (Doc. 15-1, p. 75, § 8.7(c).) Any language in the SPD indicating exhaustion is not required contradicts the Plan's clear language and cannot control. *See CIGNA*, 563 U.S. at 438. The Court cannot apply the Eleventh Circuit's earlier decision in *Watts* to overcome the Supreme Court's dictate in *CIGNA*. *See United States v. Lide*, 622 F. App'x 884, 885 (11th Cir. 2015) (noting district court is bound to follow Eleventh Circuit precedent "until it is overruled by . . . the Supreme Court") (quoting *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008)).

ERISA's exhaustion requirement is a critical safeguard. *LaRue*, 552 U.S. at 258–59. It affects all facets of the Court's review of Plaintiffs' claims for benefits, including the standard of review, the extent of discovery, and the record before the Court. *See Alexandra H. v. Oxford Health Ins. Inc. Freedom Access Plan*, 833 F.3d 1299, 1311–12 (11th Cir. 2016) (describing standard of review); *Finch v. Hillshire Brands Co.*, 83 F. Supp. 3d 1211, 1214–15 (N.D. Ala. 2015) (noting, with few exceptions, judicial review is limited to administrative record, with limited discovery available). A participant cannot overcome the Plan's clear exhaustion requirement by relying on the SPD. *See CIGNA*, 563 U.S. at 438. If reconsideration or immediate appeal is not granted on this issue, then the expenses and delay that the exhaustion

requirement is designed to avoid cannot be cured on appeal following final judgment.

Second, the Court's order ignores the fact that Plaintiffs have already been pursuing the Plan's claims procedure since October 2, 2019. (*See* Doc. 20-1.) The Eleventh Circuit "strictly enforce[s]" the exhaustion requirement "with certain caveats reserved for exceptional circumstances." *Perrino v. S. Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1315 (11th Cir. 2000). A court should not excuse an ERISA participant's failure to exhaust administrative remedies when the participant is not denied "meaningful access to an administrative remedy procedure through which [she] may receive an adequate remedy." *Id.* at 1317. *See id.* at 1318 ("[I]t makes little sense to excuse plaintiffs from the exhaustion requirement where an employer is technically noncompliant with ERISA's procedural requirements but . . . the plaintiffs still had a fair and reasonable opportunity to pursue a claim through an administrative scheme."); *Spivey v. S. Co.*, 427 F. Supp. 2d 1144, 1157 (N.D. Ga. 2006) ("The exception articulated in *Watts* . . . demands proof of causation.").

Here, Plaintiffs could not have relied on their counsel's interpretation of the SPD to forego the Plan's claims procedure, because Plaintiffs voluntarily pursued that very procedure. (*See* Doc. 20, p. 1; Doc. 20-1.) Those proceedings have been pending administratively since October 2, 2019. The Retirement Committee issued its decision on April 1, 2020. Plaintiffs' 60-day time period to appeal the decision is

set to expire on June 1, 2020. (*See* Doc. 15-1, p. 71–72, 75, § 8.7(a)(1), (a)(2), (c).)

The Court issued its order denying BBVA's motion to dismiss on May 12, 2020,

without addressing the fact that the administrative remedy had been in progress for

over 7 months. (*See* Doc. 20, p. 1; Doc. 20-1.) When the Court issued its order,

Plaintiffs were (and still are) in the middle of the Plan's administrative appeal period.

The administrative appeal continues to provide Plaintiffs a "reasonable opportunity

to pursue [their] claim[s] through [the] administrative scheme." *Perrino*, 209 F.3d at

1318. Thus, their counsel's misinterpretation of the Plan cannot excuse their failure

to exhaust the administrative remedies they voluntarily invoked. At the very least,

the Court should stay this action until Plaintiffs finish what they started. *See id.* at

1317–18.

Third, counsel's misinterpretation of the Plan's unambiguous exhaustion

requirement and controlling case law cannot excuse Plaintiffs' failure to exhaust the

Plan's claims procedure. An "experienced attorney's misreading of or oversight" in

reviewing a participant's obligation to exhaust does not "qualif[y] as an exceptional

circumstance" to excuse exhaustion. *Garrison v. Lincoln Nat'l Life Ins. Co.*, 294 F.

Supp. 3d 1281, 1295 & n.14 (N.D. Ala. 2018) (footnote omitted). *See Palmeri v.

Coca-Cola Co.*, No. 1:01-cv-3498-TWT, 2006 WL 2523027, at *5 (N.D. Ga. Aug.

28, 2006) (finding *Watts* distinguishable because plaintiff consulted an attorney); *Bojorquez v. E.F. Johnson Co.*, 315 F. Supp. 2d 1368, 1376 (S.D. Fla. 2004) (same).

The court's order errs by allowing Plaintiffs to avoid ERISA's established exhaustion requirement based on their counsel's misinterpretation of applicable law. The affidavit from Plaintiffs' counsel states he reviewed *both* the Plan documents and the SPD but believed that the "controlling directive" was one excerpt from the SPD. (Doc. 18-1, ¶¶ 11–12.) Counsel's reliance on the SPD to the exclusion to the Plan directly contradicts the Supreme Court's dictate in *CIGNA* that "statements [in the SPD] do not themselves constitute the terms of the plan." *CIGNA*, 563 U.S. at 438 (emphasis omitted). Further, counsel's interpretation ignores the Plan's clear direction that its claims procedure applies to "claim[s] for benefits" and "denial[s] of benefits." (Doc. 15-1, p. 71–72, § 8.7(a)(1), (2).) Thus, counsel's personal and hardly unbiased conclusion ignored the Eleventh Circuit's holding that "a complaint for breach of fiduciary duty that seeks restitution of the diminished value of a defined contribution plan is [a claim] for benefits." *Lanfear*, 536 F.3d at 1220. *See LaRue*, 552 U.S. at 258–59. The Court should not permit Plaintiffs' counsel to circumvent

8

the Plan's administrative procedure by giving his clients selective advice contrary to established precedent.

The Court should reconsider its Order denying BBVA's motion to dismiss.

## II. Alternatively, the Court should certify its order denying BBVA's motion to dismiss for appeal under § 1292(b).

Alternatively, the Court should certify its order for an immediate appeal. Certification is appropriate where the "order involves a controlling question of law as to which there is substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). An interlocutory appeal under § 1292(b) "should and will be used . . . where a decision of the appeal may avoid protracted and expensive litigation." *McFarlin*, 381 F.3d at 1256 (quoting 1958 U.S.C.C.A.N. 5258, 5260–61). *See Milbert v. Bison Labs., Inc.*, 260 F.2d 431, 432–34 (3d Cir. 1958) (en banc) (Maris, J., who was one of two federal judges who testified before Congress on § 1292(b)) (tracing the legislative history of § 1292(b) and observing a congressional report stating its application would be especially appropriate in "cases where a long trial would be necessary for the determination of liability or damages upon a decision overruling a defense going to the right to maintain the action").

The prerequisites to certifying an interlocutory appeal are satisfied. The Court's order denying BBVA's motion to dismiss implicates at least two questions of law: (1) Under *CIGNA*, can *Watts* excuse an ERISA retirement plan participant's

9

failure to exhaust available administrative remedies based on a provision within the summary plan document? (2) Is an ERISA retirement plan participant excused from exhausting available administrative remedies based on her attorney's reliance on the summary plan document, when the Plan unambiguously requires exhaustion? These questions are subject to "substantial ground for difference of opinion." The Eleventh Circuit has not addressed *Watts* since the Supreme Court decided *CIGNA*. At least two district courts have declined to apply the *Watts* exception in circumstances similar to those presented here. *See Palmeri*, 2006 WL 2523027, at *5; *Bojorquez*, 315 F. Supp. 2d at 1376.

Further, resolution of this question will "advance the ultimate termination of the litigation" and "avoid protracted and expensive litigation." Any judicial review following Plaintiffs' exhaustion of the Plan's claims process would be constrained by the deferential "arbitrary and capricious" standard and limited to the administrative claims file. *See Alexandra H.*, 833 F.3d at 1311–12; *Finch*, 83 F. Supp. 3d at 1214–15. If the Court does not certify its order for interlocutory appeal, and the Eleventh Circuit eventually decides Plaintiffs were required to exhaust their administrative remedies before pursuing their claims in court, any proceedings that occur hereafter would be wasted. Any discovery and all merits briefing would be ultimately useless because of the limited judicial review following exhaustion. Those expenses and delays associated with litigation outside the administrative

record can never be recaptured through appeal after final judgment. Thus, certifying the exhaustion issue for interlocutory appeal now could help all parties and the Court avoid unnecessary costly, protracted litigation.

BBVA thus asks the Court to certify an immediate appeal under § 1292(b). To do so, the Court must amend its order under Federal Rule of Civil Procedure 59(e) to expressly find that it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). If the Court is inclined to certify its order for interlocutory review, it must "so state in writing in such order." *Id.* It should also "specify the controlling question of law it has in  mind." *McFarlin*, 381 F.3d at 1264.

## III.   The Court should stay the case pending resolution of a § 1292(b) appeal.

If the Court grants BBVA's motion for certification, BBVA also asks the Court to stay all proceedings in this case pending final completion of the proceedings on appeal. A stay will preserve the status quo in this litigation, as discovery has not yet begun. The benefits of a stay clearly outweigh any potential harm.

If the Eleventh Circuit holds that Plaintiffs were required to exhaust available administrative remedies before filing suit, then this case will be over, and the stay will have saved the parties and the Court the time and expense of needless discovery and motion practice. *See Mamani v. Berzain*, No. 07-22459, 2014 WL 12689038, at

*3 (S.D. Fla. Aug. 18, 2014) ("Given that at least one issue certified on appeal may be dispositive of the case in its entirety, the interests of judicial economy would best be served by a stay of this case.").

Plaintiffs will suffer minimal hardship, if any, from a stay. If the Court grants BBVA's motion for certification, then BBVA would still need to obtain permission to appeal from the Eleventh Circuit. *See* 28 U.S.C. § 1292(b). BBVA anticipates that the Eleventh Circuit would decide whether to grant permission to appeal quickly. If the Eleventh Circuit denies permission, then the case will have been delayed only a *de minimus* amount of time. But if the Eleventh Circuit grants permission to appeal, then it will have determined that this case involves a controlling issue of law about which there is substantial room for disagreement, and which could potentially terminate the case if decided in BBVA's favor. At that point, a stay would assuredly be appropriate. *See, e.g., Parnell v. W. Sky Fin., LLC*, No. 4:14-cv-0024-HLM, 2014 WL 12628523, at *3 (N.D. Ga. May 29, 2014) (staying case pending resolution of § 1292(b) interlocutory appeal); *Washburn v. Beverly Enters.-Ga., Inc.*, CV 106-051, 2007 WL 9700927, at *1 (S.D. Ga. Jan. 8, 2007) (same).

## CONCLUSION

For these reasons, BBVA asks the Court to reconsider its denial of the motion to dismiss, to amend its May 12, 2020 order to certify an immediate appeal under 28 U.S.C. § 1292(b), and to stay the case pending resolution of the § 1292(b) appeal.

Respectfully submitted,

/s/ Leigh Anne Hodge
Leigh Anne Hodge

OF COUNSEL:

Leigh Anne Hodge
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
(205) 521-8000
(205) 521-8800 (fax)
lhodge@bradley.com

Scott Burnett Smith
BRADLEY ARANT BOULT CUMMINGS LLP
200 Clinton Avenue West, Suite 900
Huntsville, Alabama 35801-4900
(256) 517-5100
(256) 517-5200 (fax)
ssmith@bradley.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Dennis George Pantazis, Jr.
> WIGGINS, CHILDS, PANTAZIS, FISHER & GOLDFARB, LLC
> 301 19th Street North
> Birmingham, Alabama 35203
> (205) 314-0500
> (205) 254-1500 (fax)
> sgpjr@wigginschilds.com
>
> James H. White, IV
> JAMES WHITE FIRM, LLC
> 2100 1st Avenue North, Suite 600
> Birmingham, Alabama 35203
> (205) 383-1812
> james@whitefirmllc.com
>
> Lange Clark
> LAW OFFICE OF LANGE CLARK. P.C.
> 301 19th Street North, Suite 550
> Birmingham, Alabama 35203
> (205) 939-3933
> (205) 939-1414 (fax)
> langeclark@langeclark.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> NONE

> /s/ Leigh Anne Hodge
> _____
> OF COUNSEL

14