FILED
2020 Jun-12 PM 02:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| GLOTRIA FERGUSON and CASSANDRA MCCLINTON, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BBVA COMPASS BANCSHARES, INC., COMPASS BANCSHARES, INC., and BBVA USA BANCSHARES, INC.,<br><br>Defendants. | Case No. 2:19-cv-01135-MHH |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO ALTER OR AMEND

Nothing in Plaintiffs' opposition discredits BBVA's request for the Court to alter its order denying BBVA's motion to dismiss or, alternatively, to certify the order for immediate appeal. Unlike in *Montanile* and *Watts*, BBVA's Plan has a clear exhaustion requirement. Under binding Supreme Court and Eleventh Circuit precedent, the SPD language relied upon in the order cannot trump the Plan's express terms. *CIGNA Corp. v. Amara*, 563 U.S. 421, 437–38 (2011); *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 (11th Cir. 2006). Plaintiffs' failure to comply with the Plan's exhaustion requirement mandates dismissal.

1. Plaintiffs cannot rely on the SPD's phrase that "[i]f plan fiduciaries misuse the plan's assets, . . . suit may be filed in federal court" to excuse their failure to exhaust administrative remedies. (*Compare* Doc. 31, p. 5, 6; Doc. 18-1, ¶ 12.) The Eleventh Circuit has squarely rejected this position. *See Bickley*, 461 F.3d at 1329. This phrase is standard language, recommended by the DOL to "merely recite[] plan participants' general rights under ERISA." *Id. See* 29 C.F.R. § 2520.102–3(t)(2). *Bickley* held that "[t]his Plan language . . . does not excuse a participant from satisfying the exhaustion requirement." *Bickley*, 461 F.3d at 1329. *See also Spivey v. S. Co.*, 427 F. Supp. 2d 1144, 1153–54 (N.D. Ga. 2006). Because the Court relied on the same language to excuse exhaustion here, it erred as a matter of law and should amend its decision to correct the error. *See Jenkins v. Anton*, 922 F.3d 1257, 1263 (11th Cir. 2019).

2. Plaintiffs cannot continue to ignore the Plan's clear language. Under ERISA, "[a] civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his *plan*, to enforce his rights under the terms of the *plan*, or to clarify his rights to future benefits under the terms of the *plan*." 29 U.S.C. § 1132(a)(1)(B) (§ 502(a)(1)(B)) (emphasis added). In contrast, the SPD exists to "reasonably apprise such participants and beneficiaries of their rights and obligations *under the plan*." *Id.* § 1022(a) (emphasis added). As the Supreme Court concluded in *CIGNA*, the summary language in an SPD cannot override the

express terms of the plan. *CIGNA*, 563 U.S. at 437–38. "It would be peculiar for a document meant to 'apprise' participants of their rights '*under the plan*' to be itself part of the 'plan.'" *See id.* at 446 (Scalia, J., concurring).

BBVA's Plan requires "exhaustion of the claims and review procedure as provided herein" before a participant may "purs[ue] any other legal or equitable remedy otherwise available, including the right to bring a civil action under Section 502(a) of ERISA, if applicable." (Doc. 15-1, p. 75, § 8.7(c).) The Plan's claims procedure applies to every "claim for benefits," with an internal appeal process for every "denial of benefits." (*Id.* at 71–72, § 8.7(a)(1), (2).) Plaintiffs' claims for breach of fiduciary duty are "claims for benefits." *Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1222–23 (11th Cir. 2008). The Plan unambiguously required Plaintiffs to exhaust their administrative remedies before filing suit. The SPD cannot modify the Plan. Even *Montanile*, upon which Plaintiffs rely, recognizes this. *Bd. of Trs. of Nat'l Elevator Indus. Health Benefit Plan v. Montanile*, 593 F. App'x 903, 910 (11th Cir. 2014), *rev'd on other grounds*, 136 S. Ct. 651 (2016) ("*Amara* only precludes courts from enforcing summary plan descriptions . . . where the terms of that summary *conflict* with the terms specified in other, governing plan documents.")

3. The Plaintiffs' participation in the Plan's claims procedure is not moot. (*Compare* Doc. 31, p. 6–7.) Plaintiffs Ferguson and McClinton and putative class member Drake invoked the Plan's administrative process on October 2, 2019. (*See*

3

Doc. 20-1). The Retirement Committee issued a decision on April 1, 2020. (*See* Doc. 26-1.) Drake filed an administrative appeal on June 1, 2020, while Ferguson and McClinton expressly declined to pursue an appeal. (*See* Docs. 30-1, 30-2.) The Retirement Committee's decision involved an extensive inquiry into the participants' complaints, which included two expert reports. (*See* Doc. 26-1.) Drake submitted her own expert report to support her administrative appeal. (*See* Doc. 30-4.) The exhaustion requirement exists to "minimize the cost of dispute resolution, enhance the plan's trustees' ability to carry out their fiduciary duties expertly and efficiently by preventing premature judicial intervention in the decisionmaking process, and allow prior fully considered actions by pension plan trustees to assist courts if the dispute is eventually litigated." *Mason v. Continental Grp., Inc.*, 763 F.2d 1219, 1227 (11th Cir. 1985). Wasting the resources the parties have already spent on the administrative process would thwart these goals.

4.  Plaintiffs have no valid excuse for filing this suit before exhausting the Plan's administrative remedies. The Court clearly erred by applying *Watts* when the Plan unambiguously requires exhaustion. Even *Watts* recognizes that dismissal is the appropriate consequence here. *Watts v. BellSouth Telecomms., Inc.*, 316 F.3d 1203, 1206 (11th Cir. 2003) ("Ordinarily, if a plan participant failed to take advantage of an available administrative appeal by pursuing it in compliance with a reasonable filing deadline, she has failed to exhaust her administrative remedies and

4

that bars federal court review of her claim."). BBVA thus moves the Court to grant BBVA's motion to alter or amend and dismiss the complaint.

Alternatively, BBVA asks the Court to certify the issues presented in BBVA's motion for immediate appeal. Immediate appeal under § 1292(b) is appropriate where "resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004). *See id.* at 1256. If BBVA succeeds on appeal on this question now or in the future, this case will be over, and any further proceedings in this Court before the appeal will then be a waste. Given that the exhaustion requirement exists precisely to minimize the costs of dispute resolution, granting immediate appeal now is particularly appropriate.

                                  Respectfully submitted,

                                  /s/ Leigh Anne Hodge
                                  Leigh Anne Hodge

<u>OF COUNSEL</u>:

Leigh Anne Hodge
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
(205) 521-8000
(205) 521-8800 (fax)
lhodge@bradley.com

Scott Burnett Smith
BRADLEY ARANT BOULT CUMMINGS LLP
200 Clinton Avenue West, Suite 900
Huntsville, Alabama 35801-4900
(256) 517-5100
(256) 517-5200 (fax)
ssmith@bradley.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 12, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      Dennis George Pantazis, Jr.
      WIGGINS, CHILDS, PANTAZIS, FISHER & GOLDFARB, LLC
      301 19th Street North
      Birmingham, Alabama 35203
      (205) 314-0500
      (205) 254-1500 (fax)
      sgpjr@wigginschilds.com

      James H. White, IV
      JAMES WHITE FIRM, LLC
      2100 1st Avenue North, Suite 600
      Birmingham, Alabama 35203
      (205) 383-1812
      james@whitefirmllc.com

      Lange Clark
      LAW OFFICE OF LANGE CLARK. P.C.
      301 19th Street North, Suite 550
      Birmingham, Alabama 35203
      (205) 939-3933
      (205) 939-1414 (fax)
      langeclark@langeclark.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

      NONE

                                              /s/ Leigh Anne Hodge
                                              OF COUNSEL