FILED
2021 Feb-04  PM 02:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| GLORIA FERGUSON,  )<br>CASSANDRA MCCLINTON,  )<br>individually and on behalf of  )<br>others similarly situated,  )<br>  )<br>  Plaintiffs,  )<br>v.  )<br>BBVA COMPASS BANCSHARES,  )<br>INC., COMPASS BANCSHARES,  )<br>INC., AND BBVA USA  )<br>BANCSHARES, INC.  )<br>  )<br>  Defendants.  ) | CLASS ACTION<br><br>Case No: 2:19-cv-01135-MHH |

## AND

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| CHRISTINE D. DRAKE,  )<br>individually and on behalf of  )<br>others similarly situated,  )<br>  )<br>  Plaintiff,  )<br>v.  )<br>  )<br>BBVA USA BANCSHARES,INC.,  )<br>as named fiduciary, ROSILYN  )<br>HOUSTON, SHANE CLANTON,  )<br>JAVIER HERNANDEZ, KIRK  )<br>PRESLEY, CELIA NIEHAUS,  )<br>JOE CARTEE, JIM HESLOP,  )<br>ANGEL REGLERO, individually  )<br>and as members of the  ) | CLASS ACTION<br><br>Case No. 2:20-cv-02076-ACA |

| | |
|---|---|
| Investment Committee, | ) |
| ENVESTNET ASSET | ) |
| MANAGEMENT, INC. | ) |
| as investment fiduciary, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S NOTICE
## OF RELATED CASES AND MOTION TO CONSOLIDATE

COMES NOW Christine D. Drake and gives notice that this case is closely related to an earlier filed action pending in this District before the Honorable Madeline H. Haikala, styled *Gloria Ferguson and Cassandra McClinton, individually and on behalf of others similarly situated v. BBVA Compass Bancshares, Inc., Compass Bancshares, Inc. and BBVA USA Bancshares, Inc.*,No. 2:19-cv-01135-MHH (the "Ferguson Action").[1] Plaintiffs have conferred with both defendants that have appeared in this action - BBVA and Envestnet Asset Management, Inc. - and both oppose this motion.

Plaintiff respectfully submits that because of the burden on the parties, witnesses and the court, it is in the interest of judicial economy

---

[1] Defendants are collectively referred to as "BBVA."

to consolidate the cases before Judge Haikala. As grounds therefor, Plaintiff states:

**I.     Applicable Law.**

**A.     Consolidation is Appropriate.**

1. Consolidation is appropriate under Fed.R.Civ.P. 42, that states:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

"District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018).

2. The Eleventh Circuit has "[] encouraged trial judges to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)(internal citations omitted). The Eleventh Circuit has also held:

> When deciding if separate lawsuits should be consolidated into a single action, a trial court weighs several factors,

including (1) the risk of prejudice in allowing the matters to proceed separately, (2) the potential for confusion of facts or legal issues, (3) the risk of inconsistent verdicts, (4) the burden on parties, witnesses, and the court, and (5) the length of time and relative expense involved in conducting a single trial or multiple trials.

*Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 727 Fed. Appx. 562, 570 (11th Cir. 2018) (internal citations omitted).

3.  Finally, where, as here, there is no jury demand there are far fewer reservations about consolidating cases. *Consumer Fin. Protec. Bureau v. Ocwen Fin. Corp.*, 9:17-CV-80495, 2020 WL 2569319, at *2 (S.D. Fla. May 21, 2020) citing *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985).

> **B. Consolidation in the First Filed Case (the "Ferguson Action") is Appropriate.**

4.  It is well established in this District that:

As a matter of settled practice, when parties ask to consolidate related cases in this district, the cases typically are consolidated by and before the judge presiding over the first-filed case. The practice prevents judge shopping. Because Moore is not the first case filed among the cases that the parties wish to consolidate, the Court may not decide the motion to consolidate in this case.

*Moore v. MidFirst Bank*, 5:18-MC-01414-MHH, 2019 WL 539041, at *2 (N.D. Ala. Feb. 11, 2019). *See also McGriff Seibels & Williams, Inc. v.*

4

*Sparks*, 2:19-CV-1196-ACA, 2019 WL 4600050, at *2 (N.D. Ala. Sept. 23, 2019) ("Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule. The first-filed rule not only determines which court may decide the merits of substantially similar cases, but also generally establishes which court may decide whether the second filed suit must be dismissed, stayed, or transferred and consolidated. Once the likelihood of substantial overlap between the two suits ha[s] been demonstrated, it [i]s no longer up to the [second-filed] court [ ] to resolve the question of whether both should be allowed to proceed." (Internal citations omitted)).

Alternatively, Plaintiffs do not oppose consolidation in the second filed action.

## II. Procedural Background.

5. Plaintiff and two other participants in the BBVA 401(k) retirement plan (the "Plan"), Gloria Ferguson and Cassandra McClinton, submitted their claims for review and determination by BBVA's Retirement Committee. After various correspondence between the

Retirement Committee and Plaintiffs, Ms. Ferguson and Ms. McClinton filed the Ferguson Action on July 18, 2019.  The case was assigned to Judge Haikala.  On September 18, 2019 BBVA moved to dismiss the Ferguson Action, arguing Plaintiffs had not exhausted their administrative remedies. (Ferguson Action, Doc. 15).

6. On October 2, 2019 Plaintiff's counsel D.G. Pantazis wrote BBVA, enclosed a copy of the Ferguson Complaint, and made a formal claim for relief under the Plan on behalf of Ms. Ferguson, Ms. McClinton and Ms. Drake.  On October 16, 2020 BBVA wrote Mr. Pantazis and advised him that it considered the Ferguson Complaint to be a notice of a claim for "benefits" on behalf of Ms. Ferguson, Ms. McClinton and Ms. Drake and that the Retirement Committee would consider the claims.

7. On April 1, 2020 BBVA denied the claims of Ms. Ferguson, Ms. McClinton and Ms. Drake.

8. On May 12, 2020, after extensive briefing, Judge Haikala denied BBVA's motion to dismiss the Ferguson Action. (Ferguson Action, Doc. 23).  Judge Haikala found that the Ferguson plaintiffs' interpretation of the Plan's requirements "is reasonable, and the

plaintiffs' failure to avail themselves of the administrative remedies provided for in § 8.7 of the Plan is excused." (*Id*. at 10.)

9.   On June 1, 2020 Ms. Drake appealed the BBVA denial of her claim. Ms. Ferguson and Ms. McClinton did not appeal the BBVA denial of their claim, opting to continue pursuing the Ferguson Action, which remains pending.

10.   On September 29, 2020 BBVA unsurprisingly denied Ms. Drake's appeal of its initial denial of her claims and instructed her that she had a ninety (90) day deadline to file a lawsuit. This action follows.

### III.   The Graveman of the Two Cases are the Same.

11.   This case is closely related to and largely overlaps the Ferguson Action. For example:

- The Plaintiffs in both cases are or were participants in BBVA's 401(k) plan (the "Plan");
- The Plaintiffs in both cases went through BBVA's claim process;
- The Plaintiffs in both cases claims were denied by BBVA;
- The Plaintiffs in both cases seek relief for BBVA's breach of fiduciary duty;
- The Plaintiffs in both cases bring their claim on behalf of the Plan;

7

- The Plaintiffs in both cases seek class wide relief (and, relying on the same law and facts, the class definitions are identical);

- The Plaintiffs in both cases seek Plan wide relief, relying on the same law and facts;

- The facts giving rise the claim for breach of fiduciary duty are of course identical (given each Plaintiff was a member of the same Plan and suffered from the same breach of fiduciary duty it could not be otherwise); and,

- The applicable law (ERISA) is identical.

12. While this case adds individual fiduciaries and the investment fiduciary as defendants, Plaintiffs in the Ferguson Action would seek to amend their complaint to add the same defendants and claims to the Ferguson Action if the cases are not consolidated.[2]

---

[2] Regrettably, the identify of individual fiduciaries 401(k) plans, as with much other important information, is not public knowledge and are not generally available to plan participants. *See* Branden v. Wal-Mart Stores, Inc., 588 F.3d 585, 598 (8th Cir. 2009) ("If plaintiffs cannot state a claim without pleading facts which tend systemically to be in the sole possession of defendants, the remedial scheme of the stature will fail, and the crucial rights secured by ERISA will suffer.")

**IV.   Analysis.**

13.   The application of the five factors from *Hendrix* militates strongly in favor of consolidation.  Specifically:

(1)   The risk of prejudice in allowing the matters to proceed separately.  This factor strongly militates in favor of consolidation. For example, in *Eghnayem v. Boston Sci. Corp.*, 873 F.3d 1304 (11th Cir. 2017) the defendants appealed the district court's consolidation of four separate product liability suits involving transvaginal mesh medical devices. *Id.*, 1304.  The Court first noted "[w]here prejudice to rights of the parties obviously results from the order of consolidation, the action of the trial judge has been held reversible error." *Id.*, 1314.  However, the Court found "The district court did not abuse its discretion in concluding that the considerations surrounding consolidation weighed in favor of joining these suits for trial.  The plaintiffs all brought the same claims based largely on the same facts . . . Although each plaintiff's proof of causation was necessarily different, generally differences in causation are not enough, standing alone, to bar consolidation of products liability claims." *Id.*, 1314.  The Eleventh Circuit concluded "A joint trial is appropriate where there is clearly substantial overlap in the issues,

facts, evidence, and witnesses required for claims against multiple defendants." *Id*.

There is clearly substantial overlap of issues, facts, evidence and witness in these two cases. Moreover here, where the claims are brought on behalf of the Plan, there is no separate proof of causation - the causation is the same because the damages were caused by the same acts and omissions. The issue of consolidation is vastly simpler here than in *Eghnayem* and clearly appropriate.

(2) The potential for confusion of facts or legal issues. This factor also militates in favor of consolidation. As noted above, all the Plaintiffs were participants in the same Plan, the conduct of the fiduciaries affected all Plan participants in an identical manner and all suffered losses due to the same conduct. The legal issues, brought under the same federal statute, are the identical. The factual determinations and legal conclusions will apply to all the parties and claims; thus consolidation eliminates the risk of confusion of factual and legal conclusions.

(3) The risk of inconsistent verdicts. This factor strongly militates in favor of consolidation. Consolidation eliminates the risk of

inconsistent verdicts. Moreover, it is important to note that Judge Haikala has already ruled on BBVA's motion to dismiss in the Ferguson Action and her ruling, that is the law-of-the-case in that matter, should control here as well.

(4) The burden on parties, witnesses, and the court. This factor weighs heavily in favor of consolidation. First, the parties are identical and it would be needlessly burdensome on all the parties to try the same issues twice. Secondly, the witness are likely to also be identical. In particular, the expert witnesses (who generally play a large role in ERISA breach of fiduciary duty cases) will also likely be identical. There is simply no reason for them to give the same testimony twice. Thirdly, it would be a tremendous waste of the judicial resources for two separate courts to hear the same testimony and evaluate the same evidence twice. *See Am. Fam. Home Ins. Co. v. Hillery*, CIV A 08-0547-WS-C, 2009 WL 2711901, at *2 (S.D. Ala. July 20, 2009) ("Actions that involve the same parties are apt candidates for consolidation ... [and] consolidation is particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts.") citing *Vasquez Rivera v. Congar Int'l Corp.*, 241

F.R.D. 94, 95 (D.P.R. 2007) ("[]consolidation is intended to avoid overlapping trials containing duplicative proof, excessive cost, and waste of valuable court time in the trial of repetitive claims, among other considerations").

Here it cannot reasonably be disputed that two trials, based upon identical facts and law, with identical issues, with the same witness and the same proof would be a tremendous waste of valuable court resources.

(5) The length of time and relative expense involved in conducting a single trial or multiple trials. This factor also weighs heavily in favor of consolidation as the trial of this matter will necessarily be lengthy[3] and expensive. It is likely both parties will retain experts at substantial costs. There is simply no reason to spend twice the time and money on identical causes. Plaintiffs respectfully submit this court should "[]recognize[s] that a consolidated trial would eliminate the need to hold an additional trial, which could reduce the burden on witnesses, parties, and the Court." *Consumer Fin. Protec. Bureau v. Ocwen Fin. Corp.*, 9:17-CV-80495, 2020 WL 2569319, at *2 (S.D. Fla. May 21, 2020).

---

[3] For example, in a similar case based upon violation of ERISA in which plaintiffs' counsel here represent the plaintiffs, the parities anticipate the trial will last approximately ten days.

For all of the above reasons, Plaintiffs respectfully submit the motion is due to be GRANTED.

Respectfully Submitted,

/s/ Lange Clark
Lange Clark
Attorneys for Plaintiffs

Of Counsel:

Lange Clark
LAW OFFICE OF LANGE CLARK, P.C.
301 19th Street North, Suite 550
Birmingham, Alabama 35203
(205) 939-3933
langeclark@langeclark.com

WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
(205) 314-0500
dgpjr@wigginschilds.com


JAMES WHITE FIRM, LLC
Landmark Center | STE 600
2100 1st Ave North
Birmingham, Alabama 35203
(205) 383-1812
james@whitefirmllc.com

## Certificate of Service

I hereby certify the I have filed the foregoing on the Court's CM/ECF that will serve all counsel of record on the date stamped by the system that will send notification of such filing to the following:

Harlan I. Prater, IV
Brooke L. Messina
LIGHTFOOT, FRANKLIN & WHITE, LLC
The Clark Building
400 20th Street North
Birmingham, Alabama 35203

Nancy G. Ross
Richard E. Nowak
Samuel P. Myler
MAYER BROWN LLP
71 South Wacker Drive Chicago, Illinois 60606

Scott B. Smith
BRADLEY ARANT BOULT CUMMINGS LLP
200 Clinton Avenue, Suite 900
Huntsville, Alabama 35801

Leigh Anne Hodge
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North  Birmingham, Alabama

/s/ Lange Clark
Lange Clark