# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CHRISTINE D. DRAKE,** individually and on behalf of others similarly situated, | |
| *Plaintiffs*, | Case No. 2:20-cv-02076-ACA |
| v. | |
| **BBVA USA BANCSHARES, INC., ROSILYN HOUSTON, SHANE CLANTON, JAVIER HERNANDEZ, KIRK PRESLEY, CELIA NIEHAUS, JOE HESLOP, ANGEL REGLERO,** individually and as members of the Investment Committee, and **ENVESTNET ASSET MANAGEMENT, INC.,** as investment fiduciary. | |
| *Defendants.* | |
| **GLORIA FERGUSON and CASSANDRA MCCLINTON,** individually and on behalf of other similarly situated, | |
| *Plaintiffs*, | Case No. 2:19-cv-01135-MHH |
| v. | |
| **BBVA COMPASS BANCSHARES, INC., COMPASS BANCSHARES, INC.,** and **BBVA USA BANCSHARES, INC.,** | |
| *Defendants*. | |

## ENVESTNET ASSET MANAGEMENT, INC.'S RESPONSE TO PLAINTIFFS' MOTION TO CONSOLIDATE

The Court should deny the motion to consolidate filed by the plaintiffs in these actions. Defendant Envestnet Asset Management, Inc. ("Envestnet") was not named as a party to the *Ferguson* action, which was filed by different plaintiffs in July 2019 alleging fiduciary breaches related to the benefit plan at issue. After nearly a year-and-a-half of proceedings, a different plaintiff filed the *Drake* action, which added Envestnet as a defendant based on its role as an investment consultant to the benefit plan. Notably, the allegations directed at Envestnet in *Drake*—sparse as they are—relate to a time period of just *nine months*, compared to the more than *seven years* at issue in *Ferguson*. To consolidate these two different cases under these circumstances and require Envestnet to participate in the more burdensome and expansive *Ferguson* litigation—which, at a minimum, will require the Court's consideration of an internal decision by BBVA denying plaintiffs' administrative claims that have no relevance to the claims against Envestnet—would be inherently prejudicial to Envestnet.

In addition, although consolidation requires there be "common questions of law or fact," Fed. R. Civ. P. 42(a), that alone is insufficient. *Diehl v. Money Source, Inc.*, 2018 WL 1370613, at *2 (S.D. Ala. Mar. 16, 2018). To justify consolidation, the movant must show that the two cases are sufficiently related such that the

2

reduction in time, effort, and costs associated with a single proceeding outweigh any risk of prejudice to any of the parties and the potential for undue delay. *Winston v. Jefferson County, Alabama*, 2007 WL 9712058, at *3 (N.D. Ala. Mar. 14, 2007). Plaintiffs have not shown that consolidation of the case against Envestnet with the previous case against BBVA is warranted under this standard.

While the *Drake* allegations are similar in some respects to the allegations in *Ferguson*, the claims against Envestnet are unique to *Drake* and turn on the application of legal principles and governing law that do not apply to BBVA. For example, the threshold question in both cases is whether the named defendants were acting as fiduciaries. *See Pegram v. Herdrich*, 530 U.S. 211, 226 (2000). That question is necessarily individualized, and the relevant analysis regarding Envestnet, which is a third-party consultant, is vastly different from the analysis as applied to the BBVA defendants. *Birmingham Plumbers v. Blue Cross Blue Shield of Alabama*, 2018 WL 1210930, at *2 (N.D. Ala. Mar. 8, 2018) ("[A] party is a fiduciary only to the extent it performs a fiduciary function.") (internal citations and quotations omitted). For instance, the *Drake* plaintiff will need to show that Envestnet had sufficient authority and discretion over the plan assets or otherwise engaged in a "fiduciary function" described in 29 U.S.C. § 1002(21)(A). With respect to the BBVA defendants, by contrast, the plaintiffs will likely need to present evidence that they were either named as fiduciaries under the plan or that they were

3

delegated fiduciary responsibilities by other BBVA parties pursuant to the plan's procedures. *See Cotton v. Mass Mut. Life Ins. Co.*, 402 F.3d 1267, 1277 (11th Cir. 2005) (discussing criteria for evaluating fiduciary status).  In either case, individualized inquiries are required, and such a requirement plainly weighs against consolidation. *Weissman v. Williams*, 2018 WL 9439690, at *5 (M.D. Ga. Aug. 15, 2018) (denying motion to consolidate where "each of the Defendants' roles in the alleged transactions [were] distinguishable, and therefore the claims against each Defendant could have [had] different outcomes in a single trial").

Even if the Court could find that Envestnet acted as a fiduciary, albeit unlikely, the test of prudence for a third-party consultant to a benefit plan is quite different than the test of prudence with respect to an inside fiduciary.  ERISA dictates that prudence be measured by "the care, skill, prudence and diligence under the circumstances then prevailing *that a prudent man acting in like capacity* and familiar with such matters would use. . ." 29 U.S.C. § 1104(b) (emphasis added).  This standard requires the Court to consider the prudence of Envestnet based upon very different evidence than applies to the BBVA defendants.

In addition, the claims against BBVA in *Ferguson* involve events that occurred over a much broader time period than the brief time period relevant to the claims against Envestnet in *Drake*.  Under ERISA, breach of fiduciary duty claims must be brought within six years of the last action that constituted a part of the

breach. *See* 29 U.S.C. § 1113(1). Accordingly, the claims against Envestnet in *Drake* are limited to events that occurred after December 28, 2014—*i.e.* six years before the *Drake* complaint was filed. *See Drake*, ECF No. 1, Compl. (filed December 28, 2020). Because Envestnet's relationship with the plan terminated effective September 30, 2015, the broadest possible time period for the claims against Envestnet in *Drake* is just *nine months* (*i.e.*, December 2014 – September 2015).

The time period at issue in *Ferguson*, by contrast, extends from July 19, 2013, to the present (*i.e.*, more than seven years). *See Ferguson*, ECF No. 1, Compl. (filed July 19, 2019). Consolidating the two cases and requiring Envestnet to potentially participate in discovery related to the seven-plus years of events implicated by the claims against BBVA in *Ferguson* would be unduly prejudicial to Envestnet. *Weissman*, 2018 WL 9439690, at *4 (refusing to consolidate where "as a result of Plaintiffs filing two separate cases, the relevant time periods for the statutes of limitations may be different for each Defendant"); *see also Northstar Marine, Inc. v. Huffman*, 2014 WL 4167019, at *4 (S.D. Ala. Aug. 21, 2014) ("What good is it to consolidate cases if different deadlines and rules will be maintained for the two constituent actions?").

For the reasons set forth above, consolidation of *Ferguson* and *Drake* would not result in significant reduction in time, effort, or costs, and would plainly

prejudice Envestnet, which is not a party to the *Ferguson* litigation. Accordingly, Envestnet respectfully requests that the Court deny Plaintiffs' motion to consolidate.

Respectfully submitted this 8th day of February, 2021.

/s/ Harlan I. Prater, IV
One of the Attorneys for Defendant
Envestnet Asset Management, Inc.

OF COUNSEL:
Harlan I. Prater, IV
hprater@lightfootlaw.com
Brooke L. Messina
bmessina@lightfootlaw.com
Lightfoot, Franklin & White, LLC
The Clark Building
400 20th Street North
Birmingham, Alabama 35203
(205) 581-0700

Nancy G. Ross (*pro hac vice*)
nross@mayerbrown.com
Richard E. Nowak (*pro hac vice*)
rnowak@mayerbrown.com
Samuel P. Myler (*pro hac vice*)
smyler@mayerbrown.com
Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606
(312) 782-0600

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on February 8, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                        /s/ Harlan I. Prater, IV
                                        Of Counsel