FILED

2023 Sep-19  AM 10:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| Gloria Ferguson and Cassandra McClinton, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> PNC Financial Services Group, Inc., *as successor in interest to BBVA Compass Bancshares, Inc.*, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No.: 2:19-cv-01135-MHH |

## STIPULATION OF SETTLEMENT

Plaintiffs Gloria Ferguson and Cassandra McClinton ("Plaintiffs") and PNC Financial Services Group, Inc., as successor in interest to BBVA Compass Bancshares, Inc. ("Defendant" or "PNC") (collectively with Plaintiffs, the "Parties"), hereby enter this Stipulation of Settlement (the "Agreement" or the "Stipulation").

## RECITALS

A.      Plaintiffs are former participants in the Compass Bancshares SmartInvestor 401(k) Plan (the "Plan").

B.      Plaintiffs initially brought this action against BBVA Compass Bancshares, Inc., Compass Bancshares, Inc., and BBVA USA Bancshares, Inc.

(collectively, "BBVA") in the United States District Court for the Northern District of Alabama (the "District Court") on July 18, 2019, Case No. 2:19-cv-01135-SGC (the "Action"). Plaintiffs initially brought this action on behalf of a proposed class of current and former participants in the Plan from July 18, 2013, to the date of Judgment. (ECF No. 1 ¶ 130.)

C.      On March 15, 2022, Plaintiffs filed an Amended Complaint (ECF No. 49 ("AC")) (collectively, with the initial complaint (ECF No. 1) the "Complaints"), against BBVA, individual members of the Retirement Committee of the Compass SmartInvestor 401(k) Plan (the "Committee") (the "Individual Defendants"), and the Plan's investment advisor, Envestnet Asset Management, Inc. ("Envestnet"). Plaintiffs' Amended Complaint also sought relief on behalf of a proposed class of current and former participants in the Plan from July 17, 2013, to the date of Judgment. (AC ¶ 19.)

D.      Plaintiffs bring this Action pursuant to § 502 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132. Plaintiffs generally allege that BBVA breached its fiduciary duties under ERISA by failing to replace the SEI Stable Value Fund ("SEI SVF") with another stable value option after removing the SEI SVF from the Plan, failing to monitor the performance of the Plan's money market option and replace it with a stable value option, and utilizing an active management strategy for which the costs of

the actively managed funds were not justified by returns.  The Amended Complaint seeks a declaration that BBVA breached its fiduciary duties under the Plan, restitution of loses to the Plan with interest, and awards to the Plaintiffs.  The Amended Complaint also seeks costs and attorneys' fees pursuant to ERISA § 502(g).

E.      BBVA filed its Answer and Affirmative Defenses on October 29, 2021, asserting thirty-six affirmative defenses. (ECF No. 69.)

F.      On April 21, 2022, the Parties held an in-person mediation in Los Angeles, California with Robert Meyer of JAMS, a prominent ERISA class action mediator.  In advance of the April 2022 mediation, BBVA provided Plaintiffs with more than a thousand pages of documents.  No settlement was reached at the April 2022 mediation. However, after the April 2022 mediation, Plaintiffs voluntarily dismissed the Individual Defendants.  (ECF No. 88.)

G.      On June 10, 2022, the Parties informed the court that PNC completed its acquisition of BBVA as of June 1, 2021, thereby becoming the successor in interest to BBVA and the sole remaining Defendant in this Action. (ECF No. 96.)

H.      In conjunction with the acquisition, the Plan was terminated on October 9, 2021. Certain participants in the Plan became participants in the PNC Financial Services Group, Inc. Incentive Savings Plan (the "PNC Plan").

I.     The Parties held a second mediation with Robert Meyer on July 17, 2022.  No settlement was reached at that time.

J.     On September 21, 2022, PNC filed a Motion for Judgment on the Pleadings as to Plaintiffs' claim that BBVA breached its fiduciary duty when it decided not to replace the SEI Stable Value Fund in the Plan with another stable value fund option and decided to map any funds in the SEI Stable Value Fund to the Vanguard Money Market Fund, on the grounds that these claims are barred by ERISA's statute of limitations. (ECF Nos. 102-103.)  PNC also filed a Motion to Dismiss for Lack of Standing on September 21, 2022, arguing that Plaintiffs lack Article III standing with respect to any claim related to an investment in which Plaintiffs did not invest. (ECF Nos. 104-105.) The Parties fully briefed the Motion for Judgment on the Pleadings and the Motion to Dismiss for Lack of Standing.

K.     While PNC's motions were pending before the Court, the Parties engaged in formal discovery.  During discovery, Defendant produced tens of thousands of pages of documents in response to Plaintiffs' requests for production of documents, which Plaintiffs reviewed. Plaintiffs also conducted informal discovery in the form of conference calls with Plan service providers, including Charles Schwab & Co, Inc. ("Schwab"), the Plan's recordkeeper prior to December 31, 2012, and Fidelity Investments Institutional ("Fidelity"), the Plan's recordkeeper from January 1, 2013, to the termination of the Plan in 2021.

L.     On August 3, 2023, Plaintiffs took the deposition of PNC pursuant to Fed. R. Civ. P. 30(b)(6).  Following the 30(b)(6) deposition, the Parties returned to settlement negotiations with the assistance of Mr. Meyer.

M.     The Parties, through their counsel, have conducted extensive, arm's-length negotiations concerning a possible compromise and settlement of the Action, with the assistance of Mr. Meyer.  These negotiations involved countless telephone calls and e-mails, as well as the Parties' mediation sessions held in April and July 2022.

N.     On August 17, 2023, the Parties reached an agreement in principle to the terms of the proposed settlement (the "Settlement").

O.     The terms "Settlement Class" or "Members of the Settlement Class" as used in this Agreement shall refer to:

> All persons, other than Defendant(s), who were participants as of July 17, 2013 in Plan, including (i) beneficiaries of deceased participants who, as of July 17, 2013, were receiving benefit payments or will be entitled to receive benefit payments in the future, and (ii) alternate payees under a Qualified Domestic Relations Order who, as of July 17, 2013, were receiving benefit payments or will be entitled to receive benefit payments in the future; and (b) all persons, other than BBVA, who have been participants or beneficiaries in either the Plan and had account balances in the Plan at any time between July 17, 2013 through the date of judgment.

The "Class Period" shall be defined as July 17, 2013, through the Date of Preliminary Approval, as defined in paragraph 2 below.

P.      Defendant vigorously denies every allegation of wrongdoing made in the Complaints and contends that it has no liability in the Action.  Defendant specifically denies the allegations that BBVA breached any fiduciary duty or any other provisions of ERISA in connection with the administration of the Plan, including, but not limited to, the selection and monitoring of the investment options and fees in the Plan during the Class Period.   Defendant further denies that BBVA in any way failed to act prudently or loyally to the Plan's participants and beneficiaries.

Q.      Plaintiffs' counsel conducted a thorough investigation into the facts, circumstances, and legal issues associated with the Action.  This investigation has included: (i) researching the applicable law with respect to the claims asserted in the Action and the potential defenses thereto; (ii) inspecting, reviewing, and analyzing documents concerning the Plan and the administration of the Plan, including the documents produced by Defendant and third parties in advance of mediation and during formal discovery; (iii) retaining experts, consultants, and electronic vendors to process and analyze the relevant financial and class data; (iv) working closely with the named plaintiffs to effectively prosecute the lawsuit; and (v) obtaining information from third parties like Schwab and Fidelity.

R.      Defendant's counsel also has conducted a thorough investigation into Plaintiffs' claims, the underlying events and transactions alleged in the

Complaints, and the operation and administration of the Plan.  Defendant's counsel has reviewed thousands of documents and made a thorough study of the legal principles applicable to Plaintiffs' actual and potential claims in the Action.

S.      Based on their investigation of the merits of this Action, the litigation of this Action, and their knowledge and experience pursuing such actions generally, Plaintiffs' counsel believe that the Settlement will provide substantial benefits to the Settlement Class.  When the benefits conferred by the Settlement are weighed against the attendant risks of continuing the prosecution of the Action, Plaintiffs' counsel believe that the Settlement represents a reasonable and fair resolution of the claims of the Settlement Class.  In reaching such a conclusion, Plaintiffs' counsel have considered, among other things, the risks of litigation (including the risks of establishing both liability and any loss to the Plan), the time necessary to achieve a final resolution through litigation and any appeals, the complexity of the claims set forth in the Complaints, the ability of Defendant to withstand judgment, the existence of insurance coverage, and the benefits accruing to the Settlement Class under the Settlement.

T.      Although Defendant continues to deny all liability with respect to any and all of the claims alleged in the Complaints, Defendant nevertheless considers it desirable that any and all possible controversies and disputes arising out of or which relate to the matters, transactions, and occurrences referenced in the

Complaints and/or related to the Plan and the investment options in the Plan, be conclusively settled and terminated on the terms and conditions set forth below. The settlement of the Action and the attendant final dismissal of the Amended Complaint will avoid the substantial expense, inconvenience, and risk of continued litigation and will bring Plaintiffs' claims and potential claims to an end.

U.     The Parties have reached this Settlement, by and through their respective undersigned counsel, on the terms and conditions set forth in this Agreement.

V.     Defendant, by entering into this Agreement, does not admit to the truth of any allegation contained in the Action or to any fault, liability, or wrongdoing whatsoever.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by the Parties, in consideration of the promises, covenants, and agreements herein described, and the Parties, intending to be legally bound, do hereby mutually agree as follows, subject to the approval of the Court:

### Stipulation to Certification of the Settlement Class

1.     The Parties stipulate and agree that for settlement purposes only this Action shall proceed as a non-opt-out class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1), with Plaintiffs' counsel Wiggins, Childs, Pantazis, Fisher & Goldfarb, LLC, the Law Office of Lange Clark, P.C., and the

James White Firm, LLC as co-lead class counsel ("Class Counsel"), and with a Settlement Class as defined in Paragraph O of this Agreement.

## Preliminary Approval

2.      Promptly after the execution of this Agreement by the Parties, but no later than thirty days after the execution of this Agreement by all Parties, Plaintiffs shall file a Motion for Preliminary Approval with the Court, seeking entry of an order substantially in the form attached hereto as **Exhibit 1** (the "Preliminary Approval Order") and approval of notice to the Members of the Settlement Class, substantially in the form attached as **Exhibit 2** to the Stipulation ("Class Notice"). Plaintiffs shall request that a final fairness hearing be held at least one hundred (100) days from the date of the entry of the Preliminary Approval Order (the "Date of Preliminary Approval") for the Court to consider whether the terms of this Settlement are fair, reasonable, and adequate, and thus should be finally approved and implemented by the Court pursuant to Federal Rule of Civil Procedure 23(e). Defendant shall in good faith support the motion for preliminary approval and will not oppose the motion, provided it is consistent with the terms and conditions of the Settlement.  Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Defendant shall, at its own expense, cause to be prepared and provided the notices required by CAFA, as specified by 28 U.S.C. § 1715, within ten (10) calendar days after Plaintiffs file the Motion for Preliminary Approval of Settlement.  Class

Counsel will be copied on all CAFA notices provided by Defendant pursuant to this Paragraph.

3.    If the Settlement (including any modification thereto made with the consent of the Parties as provided for herein) is approved preliminarily by the Court, Class Counsel shall retain a person or firm to administer the Class Notice to the Members of the Settlement Class (the "Settlement Administrator"), subject to Defendant's reasonable approval.  The Settlement Administrator shall cause the Class Notice to be disseminated in the manner and on the dates set in the Preliminary Approval Order to Members of the Settlement Class.  Costs associated with the Class Notice shall be paid out of the Settlement Fund, as that term is defined herein.

## Final Approval

4.    If the Settlement (including any modification thereto made with the consent of the Parties as provided for herein) is preliminarily approved by the Court, Class Counsel shall move the Court to enter an Order and Final Judgment substantially in the form attached hereto as **Exhibit 3** (the "Final Approval Order"), which among other things:

(a)    approves the Settlement, adjudges the terms thereof to be fair, reasonable, adequate, and in the best interests of the Settlement Class, and

directs consummation of the Settlement in accordance with the terms and conditions of the Stipulation;

(b)     certifies the Settlement Class as a non-opt-out class meeting the applicable requirements for a settlement class imposed by Federal Rule of Civil Procedure 23;

(c)     determines that the requirements of Federal Rule of Civil Procedure 23 and due process have been satisfied in connection with the distribution of the Class Notice to the Settlement Class;

(d)     approves a Plan of Allocation consistent with Paragraph 25 of this Agreement;

(e)     determines what legal fees and expenses should be awarded or reserved for award to Class Counsel out of the Settlement Amount as contemplated by Paragraphs 20-23 of this Agreement;

(f)     determines what amount, if any, should be awarded to Plaintiffs for their participation in this Action as contemplated by Paragraph 24 of this Agreement;

(g)     dismisses the Action with prejudice as to Defendant and operates to extinguish, discharge, and release any and all Released Claims against the Releasees (as defined in Paragraph 7 of this Agreement), without costs except as herein provided, said dismissal being subject only to

compliance by the Parties with the terms of this Agreement and any order of the Court concerning this Agreement;

(h)     bars and enjoins Members of the Settlement Class and the Plan from the institution and prosecution, either directly or indirectly, of any other actions in any court asserting any and all Released Claims against any and all Releasees; and

(i)     permanently enjoins the Plaintiffs, Members of the Settlement Class, and the Plan from asserting, commencing, prosecuting or continuing, either directly, individually, representatively, derivatively or in any other capacity, any other actions in any court asserting such Released Claims or from receiving any additional recovery or relief from any Releasees with respect thereto.

5.     Class Counsel shall file with the Court a motion for entry of the Final Approval Order no later than twenty-eight (28) calendar days before the final fairness hearing.

### Date of Complete Settlement Approval

6.     For purposes of this Agreement, "Complete Settlement Approval" shall occur when all of the following have taken place: (a) entry of the Final Approval Order approving the Settlement; and (b) the expiration of all applicable appeal periods for any appeals of the Final Approval Order, without any appeal

having been filed or, if an appeal is taken, upon entry of an order affirming the Final Approval Order, and the expiration of any applicable period for the reconsideration, rehearing, or appeal of such affirmance without any motion for reconsideration, rehearing, or further appeal having been filed.  Upon Complete Settlement Approval, the Settlement shall become "Final."   The pendency of unresolved issues regarding the Plan of Allocation and/or attorneys' fees/expenses shall not affect the finality of the Settlement.

## **Release**

7.      Upon Complete Settlement Approval, Plaintiffs, Members of the Settlement Class and the Plan (subject to review and approval by an independent fiduciary) shall release the Defendant of certain claims (the "Released Claims"). "Released Claims" means any and all actual or potential claims, actions, demands, rights, obligations, liabilities, damages, attorneys' fees, expenses, costs, and causes of action, whether arising under federal, state or local law, whether by statute, contract, or equity, whether brought in an individual or representative capacity, whether known or unknown, suspected or unsuspected, foreseen or unforeseen, whether for actions or failures to act: (i) That were asserted in the Action, including all claims asserted in the Complaints or by Class Counsel during the litigation of the Action, whether or not pleaded in the Complaints; (ii) That arise out of, relate to, are based on, or have any connection with: (a) the selection,

oversight, retention, monitoring, or performance of the Plan's investment options or service providers (including, but not limited to, Envestnet (formerly known as Prima Capital)); (b) fees, costs, or expenses charged to, paid, or reimbursed by the Plan, Class Members, or Plan participants; (c) ERISA fiduciary duties or any prohibited transactions in connection with the Plan; (d) the transition of the Plan from Charles Schwab to Fidelity as the Plan's recordkeeper on or about January 2, 2013, including any claim that any Plan Participants' investments were not properly transferred, transitioned, or "mapped" from Charles Schwab to Fidelity during the transition; (e) the transfer, transition, or mapping of any investment to another investment; (f) disclosures or failures to disclose information regarding the Plan's investment options, fees, or service providers; (g) the compensation received by the Plan's service providers; (h) the services provided to the Plan or the costs of those services; (i) the Plan's investment structure; (j) the Plan's investment policy statement; (k) the share classes of any of the Plan's investment options; and (l) the decision to (or not to) offer a money market fund or stable value fund investment option; (iii) That would be barred by res judicata based on entry of the Final Order; (iv) That relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Qualified Settlement Fund to the Plan or any member of the Class in accordance with the Plan of Allocation; or (v) That relate to the approval by the Independent Fiduciary

of the Settlement Agreement, unless brought against the Independent Fiduciary alone.  "Released Claims" specifically exclude: (i) those claims not related to the claims explicitly referenced above; (ii) claims of individual denial of benefits from the Plan under 29 U.S.C. § 1132(a)(1)(B) that do not fall within any of the categories identified above; (iii) labor or employment claims unrelated to the Plan, including by way of example only, claims arising under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Equal Pay Act, 42 U.S.C. § 1981, the Fair Labor Standards Act, the Family and Medical Leave Act, the National Labor Relations Act, the Sarbanes Oxley Act, the Dodd-Frank Wall Street Reform and Protection Act, state anti-discrimination and wage-payment laws, claims for wrongful termination under state common law and other state law claims of a similar nature to those set forth in this subpart; and (iv) any lawsuits currently pending between now and the date of final approval other than this Lawsuit.  Released Claims shall extend to the Defendant and any insurers and re-insurers, directors, officers, employees, committees, administrators, agents, attorneys, affiliates, predecessors, and successors of the Defendant, including, without limitation, the Individual Defendants, and all current or former fiduciaries of the Plan (collectively, the "Releasees").

8.     Upon Complete Settlement Approval, Plaintiffs, Members of the Settlement Class, and the Plan expressly waive and relinquish, to the fullest extent

permitted by law, any and all provisions, rights, and benefits conferred by (a) §

1542 of the California Civil Code, which provides that a "general release does not

extend to claims that the creditor or releasing party does not know or suspect to

exist in his or her favor at the time of executing the release and that, if known by

him or her, would have materially affected his or her settlement with the debtor or

released party," and (b) any similar state, federal, or other law, rule or regulation or

principle of common law of any domestic or foreign governmental entity.

Plaintiffs, Members of the Settlement Class, and the Plan may hereafter discover

facts other than or different from those that they know or believe to be true with

respect to the subject matter of the Released Claims with respect to any Releasees,

but Plaintiffs, Members of the Settlement Class, and the Plan hereby expressly

waive and fully, finally and forever settle and release any known or unknown,

suspected or unsuspected, asserted or unasserted, contingent or non-contingent

claim with respect to the Released Claims, without regard to the subsequent

discovery or existence of such other or different facts.

9.      Upon Complete Settlement Approval, Defendant absolutely and

unconditionally releases and forever discharges Plaintiffs, the Settlement Class,

and Class Counsel (collectively, the "Plaintiff Released Parties") from any and all

Claims relating to the institution or prosecution of the Action or the settlement of

any Released Claims, except that the release shall not include claims relating to the

covenants or obligations set forth in this Settlement Agreement. The Parties intend the Settlement to be a final and complete resolution of all disputes asserted or which could have been asserted by Plaintiffs, the Settlement Class, the Plan, and Class Counsel against the Releasees with respect to the Released Claims. The Parties agree that, except as expressly set forth herein, each party shall bear his, her, or its own costs and expenses, including attorneys' fees.

10.     Notwithstanding any other provision of this Stipulation of Settlement, Plaintiffs and Members of the Settlement Class shall not be deemed to have barred, waived, or released any claim by any individual participant concerning his or her eligibility for benefits under the Plan or to contest the correct amount of such benefit except to the extent that such claim may relate to the claims asserted in the Complaints.

## Payment of Settlement Amount

11.     Plaintiffs, on behalf of the Settlement Class and the Plan, agree to settle and resolve fully the claims asserted in the Action against the Releasees, including the Released Claims, for six million one hundred thousand dollars ($6,100,000) (the "Settlement Amount"). In full settlement of the claims asserted in the Action against Defendant and in consideration of the releases specified in Paragraphs 7-10 above, Defendant shall pay and/or shall cause the Defendant's insurance carrier to pay the Settlement Amount.

12.     Within thirty (30) calendar days after the Court enters a Preliminary Approval Order, Defendant and/or Defendant's insurance carrier shall deliver $100,000 of the Settlement Amount to a non-interest bearing FDIC-insured account identified by Class Counsel (the "Settlement Account") to cover the initial Settlement Administrative Expenses and the costs of sending Notice to the Settlement Class.   Within ten (10) calendar days after Complete Settlement Approval such that the Settlement has become Final, Defendant and/or Defendant's insurance carrier shall deliver the remaining balance ($6,000,000) of the Settlement Amount to the Settlement Account. Class Counsel agrees to provide Defendant and/or Defendant's insurance carrier the names of the payee, payment instructions, and a contact person to confirm wire instructions no later than ten (10) calendar days after filing their Motion for Preliminary Approval of Settlement. Defendant shall pay and/or cause the Defendant's insurance carrier to pay the Settlement Amount consistent with the terms of this Settlement.   Except as otherwise provided herein, under no circumstances shall Defendant or Defendant's insurance carrier be required to pay, or cause to be paid, more than the Settlement Amount.   Upon payment of the Settlement Amount, all of Defendant's payment obligations under this Agreement shall be satisfied and discharged in full.   To the extent the Settlement Amount will be funded by insurance proceeds, for purposes

of this Agreement, any such amounts shall be considered to have been paid by Defendant.

13.     The Settlement Amount delivered to the Settlement Account shall constitute the "Settlement Fund," which shall be governed by the terms of this Agreement.  No later than five (5) calendar days following the Court's entry of the Preliminary Approval Order, Class Counsel shall provide Defendant with the name of the financial institution and the payee name for the Settlement Account, wire instructions with the name and contact information for someone at the financial institution that can confirm the wire instructions, and the W-9 for the Settlement Account.  The Settlement Fund will be subject to the jurisdiction of the Court.

14.     The Settlement Fund shall be used to pay for: (a) all Settlement Administration Expenses as described in Paragraphs 18; (b) the attorneys' fee and expense award, if any, referred to in Paragraphs 20-23, and (c) the Plaintiff case contribution awards, if any, referred to in Paragraph 24.  The balance of the Settlement Fund (inclusive of interest earned) after the matters described in this Paragraph and after the payment of any taxes or other charges allowed against the Settlement Fund under the terms of this Agreement shall be the Net Settlement Fund.

15.     Although Defendant denies any fault, liability, or wrongdoing, the Parties agree that the payment of the Settlement Amount is intended as settlement

of alleged breach of fiduciary duty claims under ERISA for allegedly lost earnings on the Plan's assets and shall be treated as earnings for all purposes under the Plan.

16.    With the sole exception of the Defendant's obligation to make payments or to cause Defendant's insurance carrier to make payments to be paid to the Settlement Account as provided for in Paragraphs 11-13, the Defendant, its insurance carrier, and Defendant's Counsel shall have no liability with respect to the Settlement Account for the monies maintained in the Settlement Fund, including, without limitation, any liability related to any fees, taxes,[1] investment decisions, losses or value fluctuations, maintenance, supervision, or distributions of any portion of the Settlement Amount.  In addition, Defendant, Plaintiffs, and their respective counsel shall have no responsibility or liability with respect to any act, omission, or determination of the Settlement Account by the Settlement Administrator or any of their respective designees or agents, in connection with the calculations of the distribution and administration of the Settlement or the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund.

---

[1] "Taxes" means all taxes on the income of the Settlement Fund and expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties and the expenses of tax attorneys and accountants).

**Payment of Settlement Administrative Expenses**

17.    Upon preliminary approval by the Court, all reasonable expenses incurred by the Settlement Administrator associated with identifying the Members of the Settlement Class and effecting dissemination of the Class Notice as required by the Court in the Preliminary Approval Order may be paid from the initial payment of $100,000 to the Settlement Account referenced in Paragraph 12. Defendant shall cause the information necessary to effectuate the dissemination of the Class Notice to be sent to the Settlement Administrator in electronic form within fifteen (15) business days of entry of the Preliminary Approval Order.

18.    "Settlement Administration Expenses" means expenses incurred in the administration of this Settlement Agreement, including (a) all of the costs and expenses of the Settlement Administrator in connection with the tasks set forth in Paragraphs 17, 23, 24, 26, and 27; (b) related tax expenses; (c) fees and expenses of the Escrow Agent; and (d) all fees and expenses of the Independent Fiduciary. Excluded from Administrative Expenses are Defendant's internal expenses and costs associated with providing CAFA Notices, the Settling Parties' respective legal expenses, any recordkeeping fees incurred by the former recordkeeper for the Plan, the existing recordkeeper for the PNC Plan or other recordkeeping entity to identify Class Members and distribute funds under the Plan of Allocation (the

"Recordkeepers"). All Settlement Administration Expenses shall be borne by and paid from the Settlement Fund.

### Payment of Fees and Expenses of the Independent Fiduciary

19.   Defendant shall select and retain an independent fiduciary to review and consider the Settlement on behalf of the Plan, and determine whether the Settlement is reasonable and fair, as more fully described in Paragraph 30(b) below. The fees and expenses incurred by employees, attorneys, consultants, and advisers retained or employed by the Independent Fiduciary shall be referred to as the "Independent Fiduciary Fees Amount". The Independent Fiduciary Fees Amount is part of Settlement Administration Expenses paid from the Settlement Fund.

### Payment of Attorneys' Fees and Expenses

20.   Class Counsel's attorneys' fees and expenses will be subject to the Court's approval and shall be paid out of the Settlement Fund as specified in Paragraph 14 of this Agreement. Defendant shall take no position directly or indirectly on Class Counsel's application for attorneys' fees and expenses, rather Defendant shall leave the amount to the sound discretion of the Court.

21.   The Court's consideration of requests for Class Counsel's fees and expenses are matters separate and apart from the Settlement between the Parties, and the Court's decision concerning the attorneys' fees and expenses of Class

Counsel shall not affect the validity of the Agreement or finality of the Settlement in any manner.

22.    Class Counsel shall be solely responsible for allocating the Class Counsel's fees and expenses among themselves.   Defendant shall bear no responsibility for this allocation or be subject to any claims or suit under this Agreement or otherwise.

23.    No later than twenty-eight (28) calendar days prior to the final fairness hearing, Class Counsel will apply to the Court for a collective award of attorneys' fees and reimbursement of litigation expenses.  Upon funding of the Settlement Fund following Complete Settlement Approval, as contemplated in Paragraph 12, Class Counsel may instruct the Settlement Administrator in writing to disburse such payments immediately from the Settlement Account in accordance with the Court's Final Approval Order.  Defendant shall have no obligations whatsoever with respect to any attorneys' fees or expenses incurred by Class Counsel, which shall be payable solely from the Settlement Fund.

24.    No later than twenty-eight (28) calendar days prior to the final fairness hearing, Class Counsel may also apply to the Court for case contribution awards to Plaintiffs Gloria Ferguson and Cassandra McClinton in an amount not to exceed $10,000 per Plaintiff.  Defendant will take no position with respect to any such applications for Plaintiffs' case contribution awards.  Defendant shall have no

obligations whatsoever with respect to any case contribution awards, which shall be payable solely from the Settlement Fund. Upon funding of the Settlement Fund following Complete Settlement Approval, as contemplated in Paragraph 12, Class Counsel may instruct the Settlement Administrator in writing to disburse such case contribution awards immediately from the Settlement Account in accordance with the Court's Final Approval Order.

## Plan of Allocation

25.    The Plan of Allocation has been prepared by Class Counsel and will be submitted to the Court for approval in connection with Preliminary Approval of the Settlement. The Court's approval of the Plan of Allocation is not a material or integral part of or condition to the Settlement, and the Court's rejection or modification of the Plan of Allocation shall neither entitle Plaintiffs or Defendant to withdraw from or terminate the Settlement, nor affect the finality of the Settlement or Final Approval thereof.

26.    Class Counsel shall retain the Settlement Administrator to calculate the amounts payable to Members of the Settlement Class. The Settlement Administrator shall be exclusively responsible for calculating the amounts payable to Members of the Settlement Class pursuant to the Plan of Allocation based on information to be provided by the Recordkeepers. Defendant, Plaintiffs, and their respective counsel shall have no responsibility or liability for the Plan of

Allocation calculations, or the expenses incurred in connection with the calculations.

27.     Because the Plan was terminated in 2021, members of the Settlement Class cannot receive their distributions into Plan accounts.

a.      **Active Account Members**.  Active Account Members include members of the Settlement Class who maintain an account in the PNC Plan with a balance greater than $0 as of the date of the Final Approval Order. Active Account Members will receive their distribution into their account in the PNC Plan.  The Settlement Administrator shall cause an amount equal to the portion of the Net Settlement Fund allocated under the Plan of Allocation to the Active Account Members, along with data and other supporting information identifying the settlement share amount owed to each Account Member, to be transferred to the PNC Plan's then-existing recordkeeper in accordance with the recordkeeper's requirements for receiving same.  The PNC Plan's recordkeeper will then distribute the individual settlement shares to the Active Account Members pursuant to the data and other supporting information provided by the Settlement Administrator, and in accordance with instructions from Class Counsel and the Plan of Allocation.

b.  **Non-Active Account Members**.   Non-Active Account Members include those Members of the Settlement Class who do not have an account with the PNC Plan with balance greater than $0 as of the date of the Final Approval Order.  The Non-Active Account Members shall receive payment by check.   The Settlement Administrator will distribute the individual settlement shares to the Non-Active Account Members pursuant to the data and other supporting information in its possession, in the form of a check, and in accordance with instructions from Class Counsel and the Plan of Allocation.

28.    Defendant, Plaintiffs, and their respective counsel shall have no responsibility or liability for the distribution of the Net Settlement Fund to Members of the Settlement Class.

<u>**Right to Withdraw from the Settlement**</u>

29.    Each of the Parties shall have the option to withdraw unilaterally from and terminate the Settlement in the event that: (a) either the Preliminary Approval Order or the Final Approval Order referred to above is not entered substantially in the forms specified herein, including such modifications thereto as may be ordered by the Court with the consent of the Parties; or (b) the Settlement is not approved by the Court or is disapproved or materially modified upon appeal.

30.    Defendant shall have the right to withdraw from this Settlement and

terminate the Agreement if:

      (a)    on or before fourteen (14) calendar days before the Court's final fairness hearing, the United States Department of Labor files any objection to the Agreement or Settlement in any court, brings a claim against any Releasees relating to the Released Claims, or notifies any Releasee that it intends to file such a Claim; or

      (b)    any Independent Fiduciary retained by Defendant evaluates but fails to approve the Settlement on or before fourteen (14) calendar days prior to the Court's final fairness hearing.  The Settlement is contingent upon the Independent Fiduciary's: (i) approving the Settlement and giving a release in its capacity as a fiduciary of the Plan and for and on behalf of the Plan coextensive with the release from the Plaintiffs and the Members of the Settlement Class; (ii) authorizing the Settlement in accordance with Prohibited Transaction Class Exemption 2003-39; and (iii) finding that the Settlement does not constitute a prohibited transaction under ERISA § 406(a).  All Parties shall cooperate in providing information to the Independent Fiduciary upon request.

31.    In the event that the Settlement is terminated pursuant to Paragraphs 29 or 30 of this Agreement, then: (a) the Settlement proposed herein shall be of no further force and effect; (b) the agreements and stipulations in this Agreement

concerning class definition or class certification will not be used as evidence or argument to support class certification or class definition, and Defendant will retain all rights to oppose class certification; and (c) this Agreement and all negotiations, proceedings, and statements relating thereto, and any amendment thereof, shall be null and void, shall not be submitted or admitted in the Action or any other proceeding, and shall be without prejudice to any party hereto, and each party shall be restored to his, her, or its respective position as it existed prior to the execution of this Stipulation.  In the case of termination of this Settlement, should any funds remain in the Settlement Account as of the date of termination, all such funds shall be returned to the payor (whether Defendant or their insurance carrier) within five (5) business days, along with an accounting of all funds previously disbursed from the Settlement Account.

## **Severability**

32.    The provisions of this Agreement are not severable.

## **Authority**

33.    Each of the individuals executing the Agreement on behalf of one or more of the Parties hereto warrants and represents that he or she has been duly authorized and empowered to execute this Stipulation on behalf of his or her respective Party.

## Stipulation of Settlement Not an Admission

34.    The provisions contained in this Agreement and all negotiations, statements and proceedings in connection therewith shall not be deemed a presumption, a concession, or an admission by Defendant of any fault, liability, or wrongdoing as to any fact or claim alleged or asserted in the Action or any other actions or proceedings and shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in these or any other actions or proceedings, whether civil, criminal or administrative, except in a proceeding to enforce the terms or conditions of this Stipulation.  Defendant has denied and continues to deny each and every claim alleged in the Action. Furthermore, this Agreement shall not be construed as or received in evidence as an admission, concession, or presumption against any Plaintiff or any of the Members of the Settlement Class that any of their claims are without merit, or that any defenses asserted by Defendant have any merit, or that damages recoverable under the Action would not have exceeded the Settlement Amount.  Accordingly, neither this Agreement nor the Settlement nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or invalidity of any Released Claim, or of any wrongdoing or liability or lack thereof of any Releasee; or (b) is or may be deemed to be or may be used as

an admission of, or evidence of, any fault or omission or lack thereof of any Releasee in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal. The Releasees may file the Agreement and/or the Final Approval Order in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, claim or issue preclusion, release, good-faith settlement, judgment bar, or reduction or any other similar defense or counterclaim. The Parties and their counsel, and each of them, agree, to the extent permitted by law, that all agreements made relating to the confidentiality of information shall survive and be unaffected by this Agreement.

## Counterparts

35.    This Stipulation may be executed in any number of actual or telecopied (including without limitation, by email transmission of one or more PDF files) counterparts and by each of the different parties thereto on several counterparts, each of which when so executed and delivered shall be an original. This agreement may also be executed electronically via e-signatures. The executed signature page(s) from each actual or telecopied counterpart may be joined together and attached to one such original and shall constitute one and the same instrument.

## Waiver

36.     The waiver by any Party of any breach of this Agreement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

## Arm's-Length Negotiations

37.     The Parties represent and warrant that they are voluntarily entering into this Agreement as a result of arm's-length negotiations among their counsel, that in executing this Agreement they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel.  Each Party assumes the risk of mistake as to facts or law.  None of the Parties hereto shall be considered to be the drafter of this Agreement or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

## Entire Agreement; Amendments

38.     This Agreement and the attached Exhibits, incorporated herein by reference, constitute the entire agreement of the Parties with respect to the subject matter hereof, and may not be amended, or any of their provisions waived, except by a writing executed by all Parties hereto.  The Parties: (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree to cooperate to the extent

reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.  The Parties intend this Agreement to be a final and complete resolution of all disputes between them, relating to or arising out of, the subject matter of the Action, or which otherwise constitute Released Claims. Accordingly, the Parties agree that the terms of the Agreement represent a good-faith settlement of the claims, reached voluntarily after consultation with experienced counsel.

## Successors and Assigns

39.    This Agreement, upon becoming operative, shall be binding upon and inure to the benefit of the Parties hereto, Releasees, and Plaintiff Released Parties and their respective successors, assigns, heirs, estates, executors and administrators and upon any corporation, partnership or entity into or with which any such person or entity may merge or consolidate.

## Governing Law

40.    This Agreement shall be governed by the laws of the United States, including federal common law, except to the extent that, as a matter of federal law, state law controls, in which case Alabama law will apply without regard to conflict of law principles.

## **Continuing Jurisdiction**

41.     The administration, effectuation, and enforcement of the Stipulation as provided for herein will be under the authority of the Court.  The Court will retain continuing and exclusive jurisdiction over the Parties and the Members of the Settlement Class and over the administration, effectuation, and enforcement of the terms of the Stipulation and the benefits to Members of the Settlement Class hereunder, and for such other matters that may properly come before the Court, including any dispute or controversy arising with respect to the interpretation, enforcement, or implementation of the Stipulation or any of its terms.  Any such dispute or controversy must be brought to the attention of the Court by written motion.  The Parties and each of the Members of the Settlement Class consent to the jurisdiction of the Court with respect to any proceedings brought to enforce or interpret this Settlement and hereby waive all objections to venue and personal and subject matter jurisdiction in that regard.

## **Best Efforts**

42.     The Parties hereto and their attorneys agree to cooperate fully with one another in seeking the Court's approval of this Agreement and the Settlement and to use their best efforts to comply with this Agreement and the Settlement.

43.    In addition, the Parties hereto and their attorneys agree to cooperate fully with one another and use their best efforts to obtain the names and last known addresses of the Members of the Settlement Class.

This _____ day of _____, 2023.

| | |
|---|---|
| **BY PLAINTIFFS:** | **BY DEFENDANT:** |
| **GLORIA FERGUSON** | **PNC FINANCIAL SERVICES GROUP, INC.,** *as successor in interest to BBVA Compass Bancshares Inc.* |
| *Gloria Ferguson-Fencher (Sep 15, 2023 19:01 CDT)* | |
| Gloria Ferguson | |
| | By: Michael Clemmer |
| **CASSANDRA MCCLINTON** | |
| | **BY DEFENDANT'S COUNSEL:** |
| Cassandra McClinton | |
| | **ALSTON & BIRD LLP** |
| **BY PLAINTIFFS' COUNSEL:** | |
| **JAMES WHITE FIRM, LLC** | Emily S. Costin |
| James H. White, IV | |
| **WIGGINS, CHILD, PANTAZIS, FISHER & GOLDFARB, LLC** | |
| Dennis George Pantazis, Jr. | |
| **LAW OFFICE OF LANGE CLARK, P.C.** | |
| Lange Clark | |

This _____ day of _____, 2023.

| BY PLAINTIFFS: | BY DEFENDANT: |
|---|---|
| GLORIA FERGUSON | PNC FINANCIAL SERVICES GROUP, INC., *as successor in interest to BBVA Compass Bancshares Inc.* |
| _____ | |
| Gloria Ferguson | |
| CASSANDRA MCCLINTON | _____ |
| *cassandra mcclinton (Sep 15, 2023 21:52 CDT)* | By: Michael Clemmer |
| Cassandra McClinton | |
| | BY DEFENDANT'S COUNSEL: |
| | ALSTON & BIRD LLP |
| BY PLAINTIFFS' COUNSEL: | |
| JAMES WHITE FIRM, LLC | _____ |
| | Emily S. Costin |
| _____ | |
| James H. White, IV | |
| WIGGINS, CHILD, PANTAZIS, FISHER & GOLDFARB, LLC | |
| _____ | |
| Dennis George Pantazis, Jr. | |
| LAW OFFICE OF LANGE CLARK, P.C. | |
| _____ | |
| Lange Clark | |

This _____ day of _____, 2023.

| BY PLAINTIFFS: | BY DEFENDANT: |
|---|---|
| GLORIA FERGUSON | PNC FINANCIAL SERVICES GROUP, INC., *as successor in interest to BBVA Compass Bancshares Inc.* |
| _____ | |
| Gloria Ferguson | _____ |
| CASSANDRA MCCLINTON | By: Michael Clemmer |
| _____ | BY DEFENDANT'S COUNSEL: |
| Cassandra McClinton | |
| | ALSTON & BIRD LLP |
| BY PLAINTIFFS' COUNSEL: | _____ |
| JAMES WHITE FIRM, LLC | Emily S. Costin |
| *James H. White IV* | |
| _____ | |
| James H. White, IV | |
| WIGGINS, CHILD, PANTAZIS, FISHER & GOLDFARB, LLC | |
| _____ | |
| Dennis George Pantazis, Jr. | |
| LAW OFFICE OF LANGE CLARK, P.C. | |
| _____ | |
| Lange Clark | |

This ____ day of _____, 2023.

| BY PLAINTIFFS: | BY DEFENDANT: |
|---|---|
| GLORIA FERGUSON | PNC FINANCIAL SERVICES GROUP, INC., *as successor in interest to BBVA Compass Bancshares Inc.* |
| _____ | |
| Gloria Ferguson | _____ |
| CASSANDRA MCCLINTON | By: Michael Clemmer |
| | |
| _____ | |
| Cassandra McClinton | BY DEFENDANT'S COUNSEL: |
| | |
| | ALSTON & BIRD LLP |
| BY PLAINTIFFS' COUNSEL: | |
| | _____ |
| JAMES WHITE FIRM, LLC | Emily S. Costin |
| | |
| _____ | |
| James H. White, IV | |
| | |
| WIGGINS,    CHILD,    PANTAZIS, FISHER & GOLDFARB, LLC | |
| _____ | |
| Dennis George Pantazis, Jr. | |
| | |
| LAW OFFICE OF LANGE CLARK, P.C. | |
| *Lange Clark* | |
| Lange Clark (Sep 15, 2023 14:29 CDT) | |
| _____ | |
| Lange Clark | |

BY PLAINTIFFS:

GLORIA FERGUSON

_____

Gloria Ferguson

CASSANDRA MCCLINTON

_____

Cassandra McClinton


BY PLAINTIFFS' COUNSEL:

JAMES WHITE FIRM, LLC

_____

James H. White, IV

WIGGINS,   CHILD,   PANTAZIS,
FISHER & GOLDFARB, LLC

_____

Dennis George Pantazis, Jr.

LAW OFFICE OF LANGE CLARK, P.C.

_____

Lange Clark

BY DEFENDANT:

PNC FINANCIAL SERVICES
GROUP, INC., *as successor in interest
to BBVA Compass Bancshares Inc.*

_____

By: Michael Clemmer


BY DEFENDANT'S COUNSEL:

ALSTON & BIRD LLP

_____

Emily S. Costin

This _____ day of _____, 2023.

| BY PLAINTIFFS: | BY DEFENDANT: |
|---|---|
| GLORIA FERGUSON | PNC FINANCIAL SERVICES GROUP, INC., *as successor in interest to BBVA Compass Bancshares Inc.* |
| _____ | |
| Gloria Ferguson | _____ |
| CASSANDRA MCCLINTON | By: Michael Clemmer |
| _____ | |
| Cassandra McClinton | BY DEFENDANT'S COUNSEL: |
| | ALSTON & BIRD LLP |
| BY PLAINTIFFS' COUNSEL: | _____ |
| JAMES WHITE FIRM, LLC | Emily S. Costin |
| _____ | |
| James H. White, IV | |
| WIGGINS, CHILD, PANTAZIS, FISHER & GOLDFARB, LLC | |
| _____ | |
| Dennis George Pantazis, Jr. | |
| LAW OFFICE OF LANGE CLARK, P.C. | |
| _____ | |
| Lange Clark | |

# EXHIBIT 1

**Proposed Preliminary Approval Order**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| Gloria Ferguson and Cassandra McClinton, individually and on behalf of others similarly situated,<br><br>               Plaintiffs,<br><br>v.<br><br>PNC Financial Services Group, Inc., *as successor in interest to BBVA Compass Bancshares, Inc.*,<br><br>               Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No.: 2:19-cv-01135-MHH |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

Currently before the Court for preliminary approval is a Settlement (the "Settlement") of this class action (the "Action") wherein Plaintiffs Gloria Ferguson and Cassandra McClinton ("Plaintiffs") have asserted claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"), with respect to the Compass Bancshares SmartInvestor 401(k) Plan (the "Plan") against Defendant PNC Financial Services Group Inc. ("Defendant" or "PNC"), as successor in interest to BBVA Compass Bancshares, Inc. The terms of the Settlement are set out in a Stipulation of Settlement executed on _____, 2023 (the "Stipulation"), which has been signed by Plaintiffs and their Counsel on behalf of the proposed Settlement Class and Defendant (collectively with Plaintiffs, the "Parties"). Capitalized terms not

2

otherwise defined in this Order shall have the same meaning as ascribed to them in the Stipulation.  The "Settlement Class" is defined in this Order below.

Having considered Plaintiffs' Motion for Preliminary Approval of Proposed Settlement (the "Motion", ECF No. __) and the documents attached thereto in order to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the proposed Settlement Class, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

**<u>Jurisdiction</u>**. The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Members of the Settlement Class.

**<u>Class Findings</u>**. The Court preliminarily finds, for purposes of the Settlement, that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met as to the Settlement Class, in that:

(a) The Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the Members of the Settlement Class are so numerous that their joinder before the Court would be impracticable.

(b) Based on allegations in Plaintiffs' Amended Complaint (ECF No. 49 (the "Complaint")), the Court preliminarily finds that there are one or more questions of fact and/or law common to the Settlement Class.

(c) Based on allegations in the Complaint, the Court preliminarily finds that the claims of Plaintiffs are typical of the claims of the Settlement Class.

3

(d) Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of Plaintiffs and the nature of their alleged claims are consistent with those of the Members of the Settlement Class; (ii) there are no significant conflicts between or among Plaintiffs and the Settlement Class; and (iii) Plaintiffs are represented by qualified, reputable counsel who are experienced in preparing and prosecuting ERISA class actions of this type.

(e) The prosecution of separate actions by individual Members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual class members, that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Action; or (ii) adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests.

**Class Certification**. Based on the findings set out above, the Court **PRELIMINARILY CERTIFIES** the following Settlement Class for settlement purposes under Federal Rule of Civil Procedure 23(b)(1) in this litigation (hereinafter the "Settlement Class"):

> All persons, other than Defendant(s), who were participants as of July 17, 2013 in Plan, including (i) beneficiaries of deceased participants who, as of July 17, 2013, were receiving benefit payments or will be entitled to receive benefit payments in the future, and (ii) alternate payees under a Qualified Domestic Relations Order who, as of July 17, 2013, were receiving benefit payments or will be entitled to receive benefit payments in the future; and (b) all persons, other than BBVA, who have been participants or beneficiaries in either the Plan and had account balances in the Plan at any time between July 17, 2013 through the date of judgment.

The "Class Period" shall be defined as July 17, 2013, through the date of this Order.

The Court finds that the Settlement Class is sufficiently well-defined and

cohesive to warrant certification as a non-opt-out class under Fed. R. Civ. P. 23(a) and 23(b)(1). As required by Fed. R. Civ. P. 23(g), the Court has considered: (i) the work Class Counsel has done in identifying or investigating potential claims in this Action; (ii) Class Counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this Action; (iii) Class Counsel's knowledge of the applicable law and, in particular, its knowledge of ERISA as it applies to claims of the type asserted in this Action; and (iv) the resources Class Counsel has committed to representing the class.  Based on these factors, the Court finds that Class Counsel has and will continue to represent fairly and adequately the interests of the Settlement Class. Accordingly, pursuant to Federal Rule of Civil Procedure 23(g)(2) the Court preliminarily designates Wiggins, Childs, Pantazis, Fisher & Goldfarb, LLC, the Law Office of Lange Clark, P.C., and James White Firm, LLC as co-lead class counsel ("Class Counsel") with respect to the Settlement Class in this Action.

As indicated above, the Court finds that Plaintiffs are adequate and typical class representatives for the Settlement Class and, therefore, hereby appoints Plaintiffs Gloria Ferguson and Cassandra McClinton as the representatives of the Settlement Class.

The Court having determined preliminarily that this Action may proceed as a non-opt out class action under Fed. R. Civ. P. 23(a) and 23(b)(1), Members of the

Settlement Class shall be bound by any judgment concerning the Settlement in this Action, subject to the Court's final determination as to whether this Action may so proceed.

**Preliminary Approval of Settlement and Plan of Allocation**. The Settlement documented in the Stipulation as well as the submitted Plan of Allocation is hereby **PRELIMINARILY APPROVED**, as the Court preliminarily finds that: (a) the proposed Settlement resulted from arm's-length negotiations; (b) the Stipulation was executed only after Class Counsel had researched and investigated multiple legal and factual issues pertaining to Plaintiffs' claims; (c) there is a genuine controversy between the Parties involving Defendant's compliance with the fiduciary requirements of ERISA; (d) the Settlement and Plan of Allocation appear on their face to be fair, reasonable, and adequate; and (e) the Settlement, evidenced by the Stipulation, is sufficiently fair, reasonable, and adequate to warrant sending notice of the Action and the Settlement to the Settlement Class.

**Fairness Hearing**. A hearing (the "Fairness Hearing") pursuant to Fed. R. Civ. P. 23(e) is hereby **SCHEDULED** to be held before the Court on _____2024, at __ a.m. in Courtroom __ at the Hugo L. Black United States Courthouse, 1729 5th Avenue North, Birmingham, AL 35203 to determine finally, among other things:

   (a) Whether the Settlement should be approved as fair, reasonable, and adequate;

   (b) Whether the Settlement Class satisfies the requirements of Fed. R.

Civ. P. 23, and should be finally certified as preliminarily found by the Court;

(c) Whether the litigation should be dismissed with prejudice pursuant to the terms of the Stipulation;

(d) Whether the Final Approval Order attached to the Stipulation should be entered and whether the Releasees should be released of and from the Released Claims, as provided in the Stipulation;

(e) Whether the notice and notice methodology implemented pursuant to the Stipulation (i) were reasonably calculated, under the circumstances, to apprise Members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (ii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (iii) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

(f) Whether Class Counsel adequately represents the Settlement Class for purposes of entering into and implementing the Stipulation as required by Fed. R. Civ. P. 23(g) and as preliminarily found by the Court;

(g) Whether the proposed Plan of Allocation of the Net Settlement Fund is fair, reasonable, and adequate and should be approved by the Court;

(h) Whether the Settlement has been negotiated at arm's length by Class Counsel on behalf of the Plan and the Settlement Class, whether Plaintiffs have acted independently, whether Plaintiffs' interests are identical to the interests of the Plan and the Settlement Class, and whether the negotiations and consummation of the Settlement by Plaintiffs on behalf of the Plan and the Settlement Class do not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b), including whether Prohibited Transaction Exemption 2003-39 or another class exemption from the prohibited transaction rules applies;

(i) Whether the application for attorneys' fees and expenses to be filed by Class Counsel should be approved;

(j) Whether case contribution awards should be awarded to Plaintiffs; and

(k) Any other issues necessary for approval of the Settlement.

**Class Notice**. The Parties have presented to the Court a proposed Class Notice, which is appended to the Stipulation as Exhibit 2, and includes a postcard notice and a long-form notice. The Court **APPROVES** the form and content of the Class Notice finding that it fairly and adequately: (1) describes the terms and effect of the Stipulation and of the Settlement; (2) gives notice to the Settlement Class of the time and place of the Fairness Hearing; and (3) describes how the recipients of the Class Notice may object to approval of the Settlement. By no later than 60 days before the Fairness Hearing, Plaintiffs shall cause the Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be disseminated to the last known address of each Member of the Settlement Class who can be identified by reasonable effort and posted on the Settlement Administrator website. The Court finds that such proposed manner of dissemination is adequate.

At or before the Fairness Hearing, Class Counsel shall file with the Court a proof of timely compliance with the foregoing notice requirements.

**Objections to Settlement**. "Objector" shall mean any Member of the Settlement Class who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to the Plan of Allocation, to any term of the Stipulation, to the proposed case contribution awards, or to the proposed award of attorney fees and expenses. Any Objector must file with the Court a statement of his, her, or its

objection(s), specifying the reason(s), if any, for each such objection made, including any legal support or evidence that such Objector wishes to bring to the Court's attention or introduce in support of such objection. Any objection must be signed by the Settlement Class member.  The Objector must also mail the objection and all supporting law and evidence to counsel for the Parties, as stated below. The addresses for filing objections with the Court and service on counsel are as follows:

| **COURT CLERK** | **PLAINTIFFS' COUNSEL** | **DEFENDANT'S COUNSEL** |
|---|---|---|
| Clerk | D.G. Pantazis, Jr. | Blake Crohan |
| Hugo L. Black United States Courthouse, 1729 5th Avenue North, Birmingham, AL 35203 | Wiggins Childs Pantazis Fisher Goldfarb 301 19th Street North Birmingham, AL 35203 | Alston & Bird, LLP 1201 W Peachtree Street Atlanta, GA 30309 |

The Objector, or, if represented by counsel, his, her, or its counsel, must both effect service of the objection on counsel listed above and file the objection with the Court at least fourteen (14) calendar days prior to the Fairness Hearing, or by no later than _____, 2024.  Any Member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement and any untimely objection shall be barred.

**<u>Appearance at Fairness Hearing</u>**. An Objector who files and serves a timely, written objection in accordance with the paragraph above may also appear and speak at the Fairness Hearing either in person or through counsel retained at the Objector's

expense. Objectors or their attorneys intending to appear and speak at the Fairness Hearing must effect service of a "Notice of Intention to Appear" setting forth, among other things, the name, address, and telephone number of the Objector (and, if applicable, the name, address, and telephone number of the Objector's attorney) and file it with the Court at least fourteen (14) calendar days prior to the Fairness Hearing, or by no later than _____, 2024.  Any Objector who does not timely file and serve a "Notice of Intention to Appear" in accordance with this paragraph shall not be permitted to appear and speak at the Fairness Hearing, except for good cause shown. The Parties' counsel shall promptly furnish each other with copies of any and all Objections and Notices of Intention to Appear that come into their possession.

**Response to Objectors.** The Parties shall respond to any Objector at least seven (7) calendar days prior to the Fairness Hearing, or by no later than _____, 2024.

**Compliance with Class Action Fairness Act.** Defendant shall, on or before ten (10) calendar days prior to the Fairness Hearing, file with the Court proof of compliance with the Class Action Fairness Act of 2005, as specified in 28 U.S.C. § 1715 and paragraph 2 of the Stipulation.

**Notice Expenses**. Reasonable expenses of effectuating Class Notice shall be paid out of the Settlement Fund.

**Fees and Expenses Incurred by the Independent Fiduciary and Settlement Administrator**. The Court understands that Defendant has retained or will retain an Independent Fiduciary for the purpose of evaluating the Settlement to determine whether to authorize the Settlement on behalf of the Plan.  All fees and expenses incurred by the Independent Fiduciary (including fees and expenses incurred by consultants, attorneys, and other professionals retained or employed by the Independent Fiduciary) in the course of evaluating and authorizing the Settlement on behalf of the Plan, shall be paid out of the Settlement Fund.  The expenses incurred by the Settlement Administrator in administering the Settlement and allocating the Settlement Fund pursuant to the Plan of Allocation approved by the Court, including any payable expenses of the Settlement Administrator, shall also be paid out of the Settlement Fund.

**Application for Attorneys' Fees**. Any application by Class Counsel for attorneys' fees and reimbursement of expenses, for a case contribution award to the Plaintiffs, and all papers in support thereof, shall be filed with the Court and served on all counsel of record at least twenty-eight (28) calendar days prior to the Fairness Hearing, or by no later than _____, 2024.

**Motion for Final Approval of Settlement and Plan of Allocation**. Class Counsel shall file with the Court a motion for entry of the Final Approval Order at least twenty-eight (28) calendar days prior to the Fairness Hearing, or by no later

than _____, 2024.

**Injunction**. Pending final determination of whether the Settlement should be approved, all Members of the Settlement Class and the Plan are each hereby **BARRED AND ENJOINED** from instituting or prosecuting any action that asserts any Released Claim against any Releasees.

**Termination of Settlement**. If the Settlement is terminated in accordance with the Stipulation or does not become Final under the terms of the Stipulation for any other reason, this Order and all Class Findings shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order.

**Use of Order**. In the event this Order becomes of no force or effect, no part of it shall be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability, nor shall the Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have.

**Continuance of Hearing**. The Court reserves the right to continue the Fairness Hearing without further written notice.

12

**SO ORDERED** this _____day of _____, 2023.

_____
Hon. Madeleine H. Haikala
United States District Court for the
Northern District of Alabama

# EXHIBIT 2

**(Short-Form Notice)**

**If you participated in the Compass Bancshares SmartInvestor 401(k) Plan between July 17, 2013 and *[DATE]* you could be entitled to a payment under a proposed class action settlement.**

***THIS NOTICE MAY AFFECT YOUR LEGAL RIGHTS. PLEASE READ IT CAREFULLY.***

This is an official court notice from the United States District Court for the Northern District of Alabama
*Case No. 2:19-cv-01135-MHH*

*BBVA Compass Bancshares ERISA Litigation Settlement*
Settlement Administrator
P.O. Box _____
CITY, ST ZIP

«Barcode»
Postal Service: Please do not mark barcode

«ClaimID»  «MailRec»

«First1» «Last1»
«CO»
«Addr2»
«Addr1»
«City», «ST» «Zip» «Country»

---

***This notice has been delivered to you to notify you of a proposed cash settlement of an ERISA class action.***

Records show that you or someone in your family is or may have been a participant in or a beneficiary of the Compass Bancshares SmartInvestor 401(k) plan (the "Plan") at some time between July 17, 2013, and *[DATE]*. As a result, you may be entitled to a payment pursuant to a proposed class action settlement in *Ferguson, et al., v. BBVA Compass Bancshares, Inc., et al.*, Case No. 2:19-cv-01135-MHH (N.D. Ala.).

The action claims that BBVA Compass Bancshares Inc. ("BBVA") was a fiduciary to the Plan, and allegedly violated fiduciary duties under ERISA that it owed to the Plan's participants and beneficiaries. In their complaint, plaintiffs have asserted causes of action for losses they believe were suffered by the Plan as the result of the alleged breaches of fiduciary duty by BBVA. BBVA and PNC Financial Services Group, Inc. ("PNC"), as successor in interest to BBVA, deny any wrongdoing and have asserted many defenses. The parties now have reached an agreement to settle the dispute, and the proposed settlement is under review by the Court. As part of the proposed settlement, payments funded by defendant will be made to all class members who are allocated a settlement share under the proposed Plan of Allocation. ***You do not need to do anything to receive a payment under the settlement if you are entitled to one, but your rights will be affected. The settlement includes a release of claims related to the administration and management of the Plan.***

The Court will hold a hearing on *[MONTH & DAY], 2024, at XX:XX* to consider whether to approve the settlement, the proposed Plan of Allocation, class counsel's application for attorneys' fees and certain other matters. You cannot exclude yourself from the settlement. You can, however, file written comments or objections with the Court and appear and speak at the hearing at your own expense. To do so, you must submit your comments no later than *[MONTH & DAY], 202*4. Detailed instructions can be found on the Settlement Website at **www._____.com**, where you can also obtain more detailed information about the terms of the settlement and how the payments will be calculated, as well as the settlement agreement and related materials. You may also write to *BBVA Compass Bancshares ERISA Litigation Settlement*, P.O. Box ____, CITY, ST ZIP to request copies of these materials. This notice is only a summary.

**(Long-Form Notice for Website)**

<u>**NOTICE OF CLASS ACTION SETTLEMENT, SETTLEMENT FAIRNESS HEARING, AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF ATTORNEY EXPENSES**</u>

This notice advises you of the Settlement of *Ferguson, et al., v. BBVA Compass Bancshares, Inc., et al.*, Case No. 2:19-cv-01135-MHH (N.D. Ala.) (the "Action"), a class action lawsuit brought by Gloria Ferguson and Cassandra McClinton ("Plaintiffs") on behalf of themselves, the Compass Bancshares SmartInvestor 401(k) Plan (the "Plan"), and the Members of the Settlement Class described below against PNC Financial Services Group, Inc. ("Defendant" or "PNC") (collectively with Plaintiffs, the "Parties"), as successor in interest to BBVA Compass Bancshares, Inc. ("BBVA"). The Action was brought under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). The Settlement releases Defendant and related parties from any claims filed against it in the Action. The terms and conditions of the Settlement are set forth in a Stipulation of Settlement (the "Stipulation"). Capitalized terms used in this notice but not defined in this notice have the meanings assigned to them in the Stipulation. The Stipulation and additional information with respect to the Action and the Settlement are available *[here/at hyperlink]* or by contacting Class Counsel as described below.

The Parties have agreed to settle this case for $6,100,000 (the "Settlement Amount"). The Court has preliminarily approved the Settlement, which provides for allocation of Settlement funds to Members of the Settlement Class.

The Court has scheduled a hearing concerning final approval of the Settlement and Class Counsel's motion for attorneys' fees and expenses and for compensation to the Plaintiffs. That hearing, before the Honorable Madeline H. Haikala, is scheduled on___,_____, 2024, at _____ in Courtroom ____ at the Hugo L. Black United States Courthouse, 1729 5th Avenue North, Birmingham, AL 35203. If final approval is granted, the Settlement will bind you as a Member of the Settlement Class. You may appear at this hearing and/or object to the Settlement. Any objections to the Settlement or the motion for attorneys' fees and expenses must be served in writing on the Court and the Parties' counsel. More information about the hearing and how to object is explained below.

**YOUR LEGAL RIGHTS WILL BE AFFECTED WHETHER OR NOT YOU TAKE ANY ACTION. READ THIS NOTICE CAREFULLY. <u>PLEASE DO NOT CONTACT DEFENDANT OR THE COURT</u>. THEY WILL NOT BE ABLE TO ANSWER YOUR QUESTIONS.**

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT** | |
|---|---|
| **You can do nothing.** (No action is necessary to receive an allocated payment.) | If the Settlement is approved by the Court and you are a Member of the Settlement Class entitled to a payment under the Plan of Allocation, you do not need to do anything to receive a payment. |
| **You can submit an objection.** (It must be mailed and postmarked by _ , 2024.) | If you wish to object to any part of the Settlement, you may write to the Court and the Parties' counsel and explain why, as described below. |
| **You can appear and speak at the Fairness Hearing on _____, 2024.** | If you submit a written objection to the Settlement before the Court-approved deadline and a notice of intent to appear (as described below), you may (but do not have to) speak in Court about the fairness of the Settlement. |

- Your rights and options—**and the deadlines to exercise them**—are explained in this notice.
- Information concerning your individual share of the Net Settlement Fund, if any, will not be available for several months after the Court grants final approval of the Settlement and any appeals are resolved. Thank you for your patience.

## SUMMARY OF CASE

As described in more detail below and in Plaintiffs' Amended Complaint, this Action alleges that BBVA breached fiduciary duties owed to participants in and beneficiaries of the Plan during the Class Period. BBVA and Defendant, as successor in interest to BBVA, vigorously deny the allegations. A copy of the Stipulation of Settlement is available [here/hyperlink].

## SUMMARY OF SETTLEMENT

The Stipulation provides that Defendant will pay or cause its fiduciary insurance carrier to pay $6,100,000 in cash, which will be deposited into an account called the Settlement Fund. After payment of attorneys' fees and expenses, costs of notice, costs and expenses of an Independent Fiduciary, payments to the Plaintiffs, if any, and any excess fees and expenses related to administration of the Settlement, the amount remaining in the account shall constitute the Net Settlement Fund. The Net Settlement Fund will be allocated among Members of the Settlement Class according to a Plan of Allocation to be approved by the Court.

## STATEMENT OF POTENTIAL OUTCOME OF THE ACTION

Class Counsel believe that the claims against Defendant are well-grounded in law and fact and that breaches of fiduciary duty under ERISA occurred in this case. However, as with any litigated case, Members of the Settlement Class would face an uncertain outcome if the Action were to continue against Defendant. Continued litigation of the Action could result in a range of possible recoveries, including a judgment or verdict greater or less than the recovery under the Stipulation, or no recovery at all. Class Counsel also have taken into account the limited availability of insurance.

Class Counsel believe that this Settlement reflects a reasonable compromise in light of the range of possible outcomes. Class Counsel believe that the Settlement is preferable to continued litigation and is in the best interest of the Members of the Settlement Class because the Settlement provides certainty with respect to the amount of recovery and results in a prompt recovery.

Throughout this litigation, BBVA and Defendant have denied and continue to deny the claims and contentions alleged by Plaintiffs. Nevertheless, Defendant has concluded that it is desirable for the Action to be fully and finally settled as to it and the other Releasees on the terms and conditions set forth in the Stipulation.

The Court has not ruled in favor of either side. Both sides agreed to the Settlement to ensure a resolution and avoid the cost and risk of further litigation.

## STATEMENT OF FEES AND EXPENSES INCURRED BY THE INDEPENDENT FIDUCIARY AND THE SETTLEMENT ADMINISTRATOR

An Independent Fiduciary is evaluating the Settlement and will be asked to authorize the Settlement on behalf of the Plan. The fees and expenses incurred by the Independent Fiduciary (including fees and expenses incurred by consultants, attorneys, and other professionals retained or employed by the Independent Fiduciary) in the course of evaluating and authorizing the Settlement on behalf of the Plan will be paid from the Settlement Fund.

A Settlement Administrator has been engaged to mail the notice to the Members of the Settlement Class, administer the Settlement and allocate the Net Settlement Fund among Members of the Settlement Class.  The fees and expenses for the Settlement Administrator will be paid from the Settlement Fund.

## STATEMENT OF ATTORNEYS' FEES AND EXPENSES SOUGHT IN THE ACTION

Class Counsel will submit a fee petition to the Court in which they will ask the Court to award them attorneys' fees, plus reimbursement of costs and expenses.

## QUESTIONS AND ANSWERS

**Why did I receive a notice in the mail?**

You received a notice because you or someone in your family is or may have been a participant in or beneficiary of the Compass Bancshares SmartInvestor 401(k) Plan (the "Plan")  at some time between July 17, 2013 and *[DATE].*

The Court ordered this notice to be sent to you because you have a right to know about the Settlement and all of the options available to you regarding the Settlement before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Fund will be allocated among Members of the Settlement Class according to a Court-approved Plan of Allocation.

The Court in charge of this case is the United States District Court for the Northern District of Alabama. The individuals who sued are called "Plaintiffs," and the entity they sued is called the "Defendant." The legal action that is the subject of this notice and the Settlement is titled *Ferguson, et al., v. BBVA Compass Bancshares, Inc., et al*., Case No. 2:19-cv-01135-MHH (N.D. Ala.).

**What is the Action about?**

The Action claims that BBVA was a fiduciary to the Plan and violated fiduciary duties under ERISA that it owed to the Plan's participants and beneficiaries. Plaintiffs allege BBVA breached its fiduciary duties by failing to replace the SEI Stable Value Fund ("SEI SVF") with another stable value option after removing the SEI SVF from the Plan, by failing to monitor the performance of the Plan's money market option and replace it with a stable value option, and by utilizing an active management strategy for which the costs of the actively managed funds were not justified by returns. In the Amended Complaint, Plaintiffs have asserted causes of action for losses they contend were suffered by the Plan as the result of these alleged breaches of fiduciary duty by BBVA.

BBVA and Defendant PNC Financial Services Group, Inc., as successor in interest to BBVA, referred to as the "Defendant," vigorously deny each and every allegation of wrongdoing made in the Amended Complaint and Defendant contends that it has no liability in the Action.  Defendant specifically denies the allegations that BBVA breached any fiduciary duty or any other provisions of ERISA in connection with the SEI SVF, the monitoring and decision not to replace the Plan's money market option, and the use of an active management strategy, and further denies that BBVA in any way failed to act prudently or loyally to the Plan's participants and beneficiaries.

**Why is this case a class action?**

In a class action, one or more plaintiffs called "Class Representatives" sue on behalf of a large number of people who have similar claims. All of the individuals on whose behalf the Class Representatives are suing are "Class Members." One court resolves the issues for all Class Members. In its order setting the Fairness Hearing, the Court preliminarily certified the Settlement Class in the Action.

The Class Representatives in this Action, Gloria Ferguson and Cassandra McClinton, were participants in the Plan during the Class Period and are referred to as the "Plaintiffs."

## Why is there a settlement?

The Court has not reached any final decision in connection with Plaintiffs' claims against Defendant. Instead, Plaintiffs and Defendant have agreed to a Settlement. In reaching the Settlement, they have avoided the cost, risks, time, and disruption of prolonged litigation and trial.

Class Counsel believe that the Settlement is the best option for the Settlement Class Members, as described above in the section entitled "Statement of Potential Outcome of the Action." BBVA and Defendant have denied and continue to deny the claims and contentions alleged by Plaintiffs. Nevertheless, Defendant has concluded that it is desirable for the Action to be fully and finally settled as to it and the other Releasees on the terms and conditions set forth in the Stipulation and to avoid the cost and risk of further litigation.

## How do I know whether I am part of the Settlement?

The Court has conditionally certified that this Settlement shall proceed on behalf of everyone who fits the following description:

> All persons, other than Defendant(s), who were participants as of July 17, 2013 in Plan, including (i) beneficiaries of deceased participants who, as of July 17, 2013, were receiving benefit payments or will be entitled to receive benefit payments in the future, and (ii) alternate payees under a Qualified Domestic Relations Order who, as of July 17, 2013, were receiving benefit payments or will be entitled to receive benefit payments in the future; and (b) all persons, other than BBVA, who have been participants or beneficiaries in either the Plan and had account balances in the Plan at any time between July 17, 2013 through the date of judgment.

The "Class Period" is defined as July 17, 2013 through [DATE].

**THE SETTLEMENT BENEFITS**

## What does the Settlement provide?

The Settlement provides that Defendant and/or Defendant's insurance carrier will deposit $6,100,000 (the "Settlement Amount") into an account at a financial institution identified by Class Counsel, which shall constitute the Settlement Fund. The net amount of the Settlement Fund, after payment of Court-approved attorneys' fees and expenses, awards to the Plaintiffs, if any, fees and expenses incurred by the Independent Fiduciary, and any fees and expenses incurred by the Settlement Administrator, (the "Net Settlement Fund") will be allocated to the Members of the Settlement Class according to a Plan of Allocation to be approved by the Court if and when the Court enters an order finally approving the Settlement.

## How much will my payment be?

If you qualify, you will receive a *pro rata* share of the Net Settlement Fund. The Settlement payment is a compromise. It does not compensate participants for 100% of the losses alleged in the Action.

Class Counsel will file a detailed Plan of Allocation in advance of the Fairness Hearing. The Plan of Allocation will describe the manner in which the Net Settlement Fund will be distributed to Members of the Settlement Class. In general terms, the Plan of Allocation will provide that each Settlement Class Member's share of the Net Settlement Fund will be calculated as follows:

(1) Calculate the sum of each Class Member's account balances for each year of the Class Period ("Balance"); (2) Sum the Balance for all Class Members; (3) Allocate each Class Member a share of the Net Settlement Amount in proportion to the sum of that Class Member's balance as compared to the sum of the Balance for all Class Members, i.e., where the numerator is the Class Member's Balance and the denominator is the sum of all Class Members' Balances.

Those Members of the Settlement Class who are former participants and whose *pro rata* share is less than $9.99 (the "*De Minimis* Amount") shall have their pro rata share rounded up to $9.99, and receive an allocation of $9.99 from the Net Settlement Fund.

The Settlement Administrator will perform all calculations and determine your *pro rata* amount. The Settlement Administrator will have access to all available records, so you do not need to be concerned if you no longer have your account statements. The Court will be asked to approve the Plan of Allocation, a copy of which will be available along with other settlement documents *here/ at hyperlink* after it has been filed.

| How can I get a payment? |
| --- |

If the Settlement is given final approval, you will **not** have to do anything to get a payment from the Settlement if you are entitled to one under the Plan of Allocation.

| When will I get my payment? |
| --- |

The balance of the Net Settlement Fund will be allocated to Members of the Settlement Class pursuant to the Plan of Allocation as soon as possible after final approval has been obtained for the Settlement, including any appeals. Final approval of the settlement may take months and any appeal of the final approval may take a year or more. Please be patient.

**There will be no payments if the Settlement is terminated.**

The Stipulation may be terminated on several grounds, which are described in the Stipulation.  In the event any of these conditions occur, there will be no settlement payment made, and the litigation will resume.

| Can I opt out of the Settlement? |
| --- |

No. In some class actions, class members have the opportunity to exclude themselves from the Settlement. This is sometimes referred to as "opting out" of the Settlement. Because of the legal issues involved in the Action, however, the class of participants affected by this Settlement has been preliminarily certified as a mandatory class. This means you cannot opt out of the benefits of the Settlement in order to pursue you own claims or for any other reason. **Therefore, you will be bound by any judgments or orders that are entered in this Action, and if the Settlement is approved, you will be deemed to have released Defendant from any and all claims that were or could have been asserted in this case on your behalf or on behalf of the Plans or that are otherwise included in the Release in the Settlement, other than your right to obtain the relief provided to you, if any, by the Settlement.**

Although you cannot opt out of the Settlement, you can object to the Settlement and ask the Court not to approve the Settlement, as described below.

## THE LAWYERS REPRESENTING YOU

**Do I have a lawyer in the Action?**

The Court has preliminarily designated Wiggins, Childs, Pantazis, Fisher & Goldfarb, LLC, the Law Office of Lange Clark, P.C., and the James White Firm, LLC as Class Counsel for the Settlement Class. If you want to be represented by your own lawyer, you may hire one at your own expense.

**How will the lawyers be paid?**

Class Counsel will file a petition for the award of attorneys' fees and expenses by _____, 2024, after which a copy will be posted *here*. This petition will be considered at the Fairness Hearing. Defendant has agreed not to oppose the amount of attorneys' fees, costs, or expenses or any award to the Plaintiffs to the extent such fees, costs, expenses, and awards are consistent with the terms of the Stipulation.

Plaintiffs will also request a case contribution award from the Settlement Fund to compensate them for the time and effort they spent assisting with the investigation and prosecution of the case. Class Counsel will request that the Court approve case contribution awards of $10,000 for each of the two Plaintiffs.

You have the right to object to this aspect of the Settlement even if you approve of the other aspects of the Settlement.

## OBJECTING TO THE SETTLEMENT OR THE ATTORNEYS' FEES

You can tell the Court that you do not agree with the Settlement or some part of it.

**How do I tell the Court that I object to the Settlement?**

If you are a Member of the Settlement Class, you can object to the Settlement if you do not agree with any part of it. You must give reasons why you think the Court should not approve the Settlement. The Court will consider your views. To object, you must send a letter or other written filing saying that you object to the Settlement to the addresses listed below. Be sure to include the following case caption and notation: "*Ferguson, et al., v. BBVA Compass Bancshares, Inc., et al.*, Case No. 2:19-cv-01135-MHH (N.D. Ala.) Objection to Class Action Settlement". In addition, your objection must also include your name, address, telephone number, and physical signature and the reasons why you object to the Settlement. **Any objection must be physically signed by the Settlement Class member even if an attorney is retained by the Settlement Class member. Mail the objection to each of the addresses listed below, <u>postmarked no later than</u> _____, 2024. You must mail your objection by this date. <u>If you fail to do so, the Court will not consider your objections.</u>** If you plan to speak at the Fairness Hearing, you must send a separate Notice of Intention to Appear along with your objection, as described below.

| COURT CLERK | PLAINTIFFS' COUNSEL | DEFENDANT'S COUNSEL |
|---|---|---|
| Clerk, US District Court Hugo L. Black United States Courthouse, 1729 5th Avenue North, Birmingham, AL 35203 | D.G. Pantazis, Jr. Wiggins Childs Pantazis Fisher & Goldfarb 301 19th Street North Birmingham, AL 35205 | Blake Crohan Alston & Bird, LLP 1201 W Peachtree Street Atlanta, GA 30309 |

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but it is not necessary.

### When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing to decide whether to approve the Settlement as fair, reasonable, and adequate. You may attend the Fairness Hearing, and you may ask to speak, but you do not have to attend. The Court will hold the Fairness Hearing on _____, 2024 at ___ A.M. in Courtroom ___ at the Hugo L. Black United States Courthouse, 1729 5th Avenue North, Birmingham, AL 35203. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to approve the Settlement. The Court will also rule on the motion for attorneys' fees and expenses.

### Do I have to come to the hearing?

No, but you are welcome to come at your own expense. If you send an objection, you do not have to attend the Fairness Hearing to voice your objection in person. As long as you mail your written objection on time, the Court will consider it when determining whether to approve the Settlement as fair, reasonable, and adequate. You also may pay your own lawyer to attend the Fairness Hearing, but attendance is not necessary.

### May I speak at the hearing?

**Only if** you have previously timely filed an objection to the Settlement, as detailed above, may you ask the Court for permission to speak at the Fairness Hearing. To speak at the hearing, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *Ferguson, et al., v. BBVA Compass Bancshares, Inc., et al*., Case No. 2:19-cv-01135-MHH (N.D. Ala.)" to the Clerk of the Court, Class Counsel, and Defendant's counsel at the addresses listed above. Be sure to include your name, address, telephone number, and physical signature. Your Notice of Intention to Appear must be postmarked no later than _____ , 2024.

## IF YOU DO NOTHING

### What happens if I do nothing at all?

If you do nothing and you are a Member of the Settlement Class and the Settlement is approved, you will participate in the Settlement of the Action as described in this notice.

## GETTING MORE INFORMATION

### Are there more details about the Settlement?

This notice summarizes the proposed Settlement. The complete Settlement is set forth in the Stipulation of Settlement. You may obtain a copy of the Stipulation of Settlement *here*.

**How do I get more information?**

   Class Counsel may be reached at :
205-314-0500
D.G. Pantazis, Jr.
Wiggins Childs Pantazis Fisher & Goldfarb
301 19th Street North
Birmingham, AL 35205.

You may obtain a copy of the Stipulation of Settlement *here*.

Documents are also available at the office of the Clerk located at the Hugo L. Black United States Courthouse, 1729 5th Avenue North, Birmingham, AL 35203.

# EXHIBIT 3

**Proposed Final Approval Order**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| Gloria Ferguson and Cassandra McClinton, individually and on behalf of others similarly situated, | ) ) ) |
| | )   Case No.: 2:19-cv-01135-MHH |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| PNC Financial Services Group, Inc., *as successor in interest to BBVA Compass Bancshares, Inc.*, | ) ) ) |
| | ) |
| Defendant. | ) |

## [PROPOSED] FINAL APPROVAL ORDER AND FINAL JUDGMENT

This action came for a final fairness hearing, held on _____, 2024**,** on a proposed Settlement (the "Settlement") of this class action (the "Action") preliminarily certified for settlement purposes, and the issues having been duly heard and a decision having been duly rendered,

**IT IS HEREBY ORDERED AND ADJUDGED:**

To the extent not otherwise defined herein, all terms shall have the same meaning as used in the Stipulation of Settlement executed on _____, 2023 (the "Stipulation").

The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Members of the Settlement Class.

The Court hereby approves and confirms the Settlement embodied in the

Stipulation as being a fair, reasonable, and adequate settlement and compromise of this Action, adopts the Stipulation as its Judgment, and orders that the Stipulation shall be effective, binding, and enforced according to its terms and conditions.

The Court determines that Gloria Ferguson and Cassandra McClinton ("Plaintiffs") have asserted claims on behalf of the Compass SmartInvestor 401(k) Plan (the "Plan") to recover losses alleged to have occurred as a result of violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA").

The Court determines that the Settlement, which includes the payment of $6,100,000 on behalf of Defendant, has been negotiated vigorously and at arm's length by Class Counsel, and further finds that, at all times, Plaintiffs have acted independently and that their interests are identical to the interests of the Plan and the Settlement Class. The Court further finds that the Settlement arises from a genuine controversy between the Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation.

The Court finds that the Plan's participation in the Settlement is on terms no less favorable than Plaintiffs' and the Settlement Class's and that the Plan does not have any additional claims above and beyond those asserted by Plaintiffs that are released as a result of the Settlement.

The Court determines that the Settlement is not part of an agreement,

arrangement, or understanding designed to benefit a party in interest, but rather is designed and intended to benefit the Plan, and the Plan participants and beneficiaries.

Accordingly, the Court determines that the negotiation and consummation of the Settlement by Plaintiffs on behalf of the Plan and the Settlement Class do not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b), 29 U.S.C. §§ 1106(a) or (b). Further, the Court finds that in light of the analysis and opinion provided by the Independent Fiduciary, to the extent any of the transactions required by the Settlement constitute a transaction prohibited by ERISA § 406(a), 29 U.S.C. §§ 1106(a), such transactions satisfy the provisions of Prohibited Transaction Exemption 2003-39. 68 Fed. Reg. 75632 (2003).

The Court determines that the Class Notice transmitted to the Settlement Class, pursuant to the Preliminary Approval Order concerning the Settlement and the other matters set forth therein, is the best notice practicable under the circumstances and included individual notice to all Members of the Settlement Class who could be identified through reasonable efforts. Such Class Notice provides valid, due, and sufficient notice of these proceedings and of the matters set forth therein, including the Settlement described in the Stipulation to all persons entitled to such Class Notice, and such Class Notice has fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

The Court hereby approves the maintenance of the Action as a non-opt-out

class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1) with the

Settlement Class being defined as:

> All persons, other than Defendant(s), who were participants as of July 17, 2013 in Plan, including (i) beneficiaries of deceased participants who, as of July 17, 2013, were receiving benefit payments or will be entitled to receive benefit payments in the future, and (ii) alternate payees under a Qualified Domestic Relations Order who, as of July 17, 2013, were receiving benefit payments or will be entitled to receive benefit payments in the future; and (b) all persons, other than BBVA, who have been participants or beneficiaries in either the Plan and had account balances in the Plan at any time between July 17, 2013 through the date of judgment.

The "Class Period" is defined as July 17, 2013, through *[the date of Preliminary Approval Order.]*

The Court hereby approves payment to the settlement administrator for their reasonably incurred costs for disseminating notice and effectuating the plan of allocation pursuant to the terms of the Settlement Agreement.

Pursuant to Federal Rule of Civil Procedure 23(g), the Court hereby confirms its prior appointment of Wiggins, Childs, Pantazis, Fisher & Goldfarb, LLC, the Law Office of Lange Clark, P.C., and James White Firm, LLC as co-lead class counsel ("Class Counsel").

Based on the Settlement, the Court hereby dismisses the Amended Complaint and the Action against Defendant with prejudice.

As of the date of Complete Settlement Approval and payment of the Settlement Amount, Plaintiffs, the Plan, and each Member of the Settlement Class

on their own behalf and on behalf of their present or former agents, employees, attorneys, accountants, representatives, advisers, investment bankers, trustees, parents, heirs, estates, executors, administrators, successors, and assigns, shall be deemed to have released each and all of the Releasees from the Released Claims.

As of the date of Complete Settlement Approval and payment of the Settlement Amount, Defendant, including its present or former agents, employees, attorneys, accountants, representatives, advisers, investment bankers, trustees, parents, heirs, estates, executors, administrators, successors, and assigns, shall be deemed to have released the Plaintiff Released Parties from any claims that may have arisen out of this Action.

As of the date of Complete Settlement Approval and payment of the Settlement Amount, all release provisions shall be given full force and effect in accordance with each and all of their express terms and provisions, including those terms and provisions relating to unknown, unsuspected, or future claims, demands, or causes of action. Further, Plaintiffs assume for themselves, and on behalf of the Settlement Class, and Defendant assumes the risk of any subsequent discovery of any matter, fact, or law, that, if now known or understood, would in any respect have affected or could have affected any such Person's entering into the Stipulation.

The Court further determines that Defendant has fully complied with the notice requirements of the Class Action Fairness Act of 2005, to the extent possible.

All members of the Settlement Class and the Plan are hereby barred and enjoined from the institution and prosecution, either directly or indirectly, of any other actions in any court asserting any and all Released Claims against any and all Releasees.

The litigation expenses incurred by Class Counsel in the course of prosecuting this action are reasonable. Accordingly, Class Counsel is awarded expenses in the amount of $_____, to be paid from the Settlement Fund.  The attorney's fees sought by Class Counsel in the amount of _____ percent (___%) of the common fund established in this Action are reasonable in light of the successful results achieved by Class Counsel, the monetary benefits obtained in this Action, the substantial risks associated with the Action, Class Counsel's skill and experience in class action litigation of this type, and the fee awards in comparable cases. Accordingly, Class Counsel is awarded attorneys' fees in the amount of ___ percent (___%) of the common fund established in this Action, specifically $_____.

Plaintiffs Gloria Ferguson and Cassandra McClinton are hereby awarded case contribution awards in the amount of $_____ each.

Class Counsel's attorneys' fees and Plaintiffs' case contribution awards shall be paid pursuant to the timing requirements described in the Stipulation.

The Plan of Allocation for the Settlement Fund is approved as fair, reasonable, and adequate. Any modification or change in the Plan of Allocation that may

hereafter be approved shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

Without affecting the finality of this Judgment, the Court retains jurisdiction for purposes of implementing the Stipulation and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Stipulation and Settlement, as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

**SO ORDERED** this _____ day of _____, 2024.

_____
Hon. Madeleine H. Haikala
United States District Court for the
Northern District of Alabama