# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **Gloria Ferguson,** *et al.***,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) Case No.: 2:19-cv-01135-MHH |
| | ) |
| **PNC Financial Services Group, Inc.,** *as successor in interest to BBVA Compass Bancshares, Inc.***,** | ) ) ) |
| | ) |
| **Defendant.** | ) |

## ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT

Plaintiffs Gloria Ferguson and Cassandra McClinton have asserted claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"), with respect to the Compass Bancshares SmartInvestor 401(k) Plan against defendant PNC Financial Services Group Inc., as successor in interest to BBVA Compass Bancshares, Inc.  The terms of the Settlement are set out in a Stipulation of Settlement, which has been signed by the plaintiffs and their attorneys on behalf of the proposed Settlement Class and by PNC.  (Doc. 121-1, pp. 2-41).  Capitalized terms that are not defined in this order shall have the meaning ascribed to them in the Stipulation.  The "Settlement Class" is defined below.

1

Having considered the plaintiffs' unopposed Motion for Preliminary Approval of Proposed Settlement, (Doc. 120), and the documents attached to the motion, the Court finds and orders as follows:

**Jurisdiction**.  The Court has jurisdiction over the subject matter of this action and over all parties to this action, including all Members of the Settlement Class.

**Class Findings**. The Court preliminarily finds, for purposes of the Settlement, that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law have been met as to the Settlement Class in that:

(a) The Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the Members of the Settlement Class are so numerous that their joinder before the Court would be impracticable.

(b) Based on allegations in the Plaintiffs' amended complaint, (Doc. 49), the Court preliminarily finds that there are one or more questions of fact and/or law common to the Settlement Class.

(c) Based on allegations in the plaintiffs' amended complaint, the Court preliminarily finds that the named plaintiffs' claims are typical of the claims of the Members of the Settlement Class.

(d) Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of Plaintiffs and the nature of their alleged claims are consistent with those of the Members of the Settlement Class; (ii) there are no significant conflicts between or among Plaintiffs and the Members of the Settlement Class; and (iii) Plaintiffs are represented by qualified, reputable counsel who are experienced in preparing and prosecuting ERISA class actions of this type.

(e) The prosecution of separate actions by individual Members of the

> Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual class members, that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Action; or (ii) adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede those persons' ability to protect their interests.

**Class Certification**. Based on these findings, for settlement purposes, the Court preliminarily certifies the following Settlement Class under Federal Rule of Civil Procedure 23(b)(1) in this litigation:

> All persons, other than Defendant, who were participants as of July 17, 2013 in the Compass Bancshares SmartInvestor 401(k) Plan, including (i) beneficiaries of deceased participants who, as of July 17, 2013, were receiving benefit payments or will be entitled to receive benefit payments in the future, and (ii) alternate payees under a Qualified Domestic Relations Order who, as of July 17, 2013, were receiving benefit payments or will be entitled to receive benefit payments in the future; and (b) all persons, other than BBVA, who have been participants or beneficiaries in either the Plan and had account balances in the Plan at any time between July 17, 2013 through October 9, 2021.

The "Class Period" runs from July 17, 2013, through October 9, 2021.

The Court finds that the Settlement Class is sufficiently well-defined and cohesive to warrant certification as a non-opt-out class under Fed. R. Civ. P. 23(a) and 23(b)(1). As required by Fed. R. Civ. P. 23(g), the Court has considered: (i) the work Class Counsel has done in identifying or investigating potential claims in this Action; (ii) Class Counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this Action; (iii) Class Counsel's

knowledge of the applicable law and, in particular, the lawyers' knowledge of ERISA as it applies to claims of the type asserted in this Action; and (iv) the resources Class Counsel has committed to representing the class. Based on these factors, the Court finds that Class Counsel has and will continue to represent fairly and adequately the interests of the Settlement Class. Accordingly, pursuant to Federal Rule of Civil Procedure 23(g)(2), the Court preliminarily designates Wiggins, Childs, Pantazis, Fisher & Goldfarb, LLC, the Law Office of Lange Clark, P.C., and James White Firm, LLC as co-lead class counsel with respect to the Settlement Class in this action.

As indicated above, the Court finds that Plaintiffs are adequate and typical class representatives for the Settlement Class and, therefore, appoints plaintiffs Gloria Ferguson and Cassandra McClinton as the representatives of the Settlement Class.

If the Settlement Agreement in this action is finally approved as a non-opt out class action under Fed. R. Civ. P. 23(a) and 23(b)(1), Members of the Settlement Class shall be bound by any judgment concerning the Settlement in this Action.

**Preliminary Approval of Settlement and Plan of Allocation**. The Court preliminarily approves the Settlement documented in the Stipulation as well as the submitted Plan of Allocation, and the Court preliminarily finds that: (a) the proposed Settlement resulted from arm's-length negotiations; (b) the Stipulation was executed

only after Class Counsel had researched and investigated multiple legal and factual issues pertaining to Plaintiffs' claims; (c) there is a genuine controversy between the Parties involving Defendant's compliance with the fiduciary requirements of ERISA; (d) the Settlement and Plan of Allocation appear on their face to be fair, reasonable, and adequate; and (e) the Settlement, evidenced by the Stipulation, is sufficiently fair, reasonable, and adequate to warrant sending notice of the Action and the Settlement to the Settlement Class.

**Fairness Hearing**.  Pursuant to Fed. R. Civ. P. 23(e), the Court schedules a Fairness Hearing on April 18, 2024 at 11 a.m. in Courtroom 7B at the Hugo L. Black United States Courthouse, 1729 5th Avenue North, Birmingham, AL 35203 to determine, among other things:

(a) Whether the Court should finally approve the Settlement as fair, reasonable, and adequate;

(b) Whether the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23, and should be finally certified;

(c) Whether the litigation should be dismissed with prejudice pursuant to the terms of the Stipulation;

(d) Whether the Final Approval Order attached to the Stipulation should be entered and whether the Releasees should be released from the Released Claims, as provided in the Stipulation;

(e) Whether the notice and notice methodology implemented pursuant to the Stipulation (i) were reasonably calculated, under the circumstances, to apprise Members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (ii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (iii) met all applicable

requirements of the Federal Rules of Civil Procedure, and any other applicable law;

(f) Whether Class Counsel adequately represents the Settlement Class for purposes of entering into and implementing the Stipulation as required by Fed. R. Civ. P. 23(g) and as preliminarily found by the Court;

(g) Whether the proposed Plan of Allocation of the Net Settlement Fund is fair, reasonable, and adequate and should be approved by the Court;

(h) Whether the Settlement has been negotiated at arm's length by Class Counsel on behalf of the Plan and the Settlement Class, whether Plaintiffs have acted independently, whether Plaintiffs' interests are identical to the interests of the Plan and the Settlement Class, and whether the negotiations and consummation of the Settlement by Plaintiffs on behalf of the Plan and the Settlement Class do not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b), including whether Prohibited Transaction Exemption 2003-39 or another class exemption from the prohibited transaction rules applies;

(i) Whether the application for attorneys' fees and expenses to be filed by Class Counsel should be approved;

(j) Whether case contribution awards should be awarded to Plaintiffs; and

(k) Any other issues necessary for consideration of the Settlement.

**Class Notice**. The Parties have presented to the Court a proposed Class Notice, which is appended to the Stipulation as Exhibit 2, and includes a postcard notice and a long-form notice. The Court approves the form and content of the Class Notice finding that it fairly and adequately: (1) describes the terms and effect of the Stipulation and of the Settlement; (2) gives notice to the Settlement Class of the time and place of the Fairness Hearing; and (3) describes how the recipients of the Class Notice may object to approval of the Settlement. **By no later than**

6

**February 18, 2024**, Plaintiffs shall cause the Class Notice, with such non-substantive modifications as may be agreed upon by the Parties, to be distributed to the last known address of each Member of the Settlement Class who can be identified by reasonable effort and posted on the Settlement Administrator website.  The Court finds that such proposed manner of distribution is adequate.

At or before the Fairness Hearing, Class Counsel shall file with the Court a proof of timely compliance with the foregoing notice requirements.

**Objections to Settlement**.  "Objector" shall mean any Member of the Settlement Class who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to the Plan of Allocation, to any term of the Stipulation, to the proposed case contribution awards, or to the proposed award of attorney fees and expenses.  An Objector must submit a statement of his, her, or its objection(s), specifying the reason(s) for each objection, including any legal support or evidence that the Objector wishes to bring to the Court's attention.  Objections must be signed by the Objector.  The Objector must mail the objection and all supporting law and evidence to Plaintiffs' Counsel at this address:

> **PLAINTIFFS' COUNSEL**
> D.G. Pantazis, Jr.
> Wiggins Childs
> Pantazis Fisher
> Goldfarb
> 301 19th Street North
> Birmingham, AL 35203

All objections must be postmarked **no later than April 4, 2024**. Any Member of the Settlement Class or other person who does not mail a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall not be allowed to raise, an objection to the Settlement.

**Appearance at Fairness Hearing**. An Objector who serves an objection that complies with the paragraph above may appear and speak at the Fairness Hearing either in person or through counsel retained at the Objector's expense. Objectors or their attorneys intending to appear and speak at the Fairness Hearing must mail a "Notice of Intention to Appear" setting forth, among other things, the name, address, and telephone number of the Objector and, if applicable, the name, address, and telephone number of the Objector's attorney. A "Notice of Intention to Appear" must mailed to Plaintiffs' Counsel at the address listed above and postmarked **by April 4, 2024**. An Objector who does not submit a "Notice of Intention to Appear" in accordance with this paragraph shall not be permitted to appear and speak at the Fairness Hearing except for good cause shown. The Parties' counsel shall promptly furnish each other with copies of Objections and Notices of Intention to Appear that they receive.

**Response to Objectors.** The Parties shall respond to an Objector **by April 11, 2024**, by filing the Objection and Notice of Intention to Appear, if any and response to the Objection with the Court. The Parties may submit joint or separate

responses to an Objection.

**Compliance with Class Action Fairness Act.**  On or before 10 calendar days prior to the Fairness Hearing, Defendant shall file with the Court proof of compliance with the Class Action Fairness Act of 2005, as specified in 28 U.S.C. § 1715 and paragraph 2 of the Stipulation.

**Notice Expenses**.  Reasonable expenses of effectuating Class Notice shall be paid out of the Settlement Fund.

**Fees and Expenses Incurred by the Independent Fiduciary and Settlement Administrator**. The Defendant will retain an Independent Fiduciary for the purpose of evaluating the Settlement to determine whether to authorize the Settlement on behalf of the Plan.  All fees and expenses incurred by the Independent Fiduciary, including fees and expenses incurred by consultants, attorneys, and other professionals retained or employed by the Independent Fiduciary, in the course of evaluating and authorizing the Settlement on behalf of the Plan, shall be paid out of the Settlement Fund.  The expenses incurred by the Settlement Administrator in administering the Settlement and allocating the Settlement Fund pursuant to the Plan of Allocation approved by the Court, including any payable expenses of the Settlement Administrator, shall be paid out of the Settlement Fund.

**Application for Attorneys' Fees**. Any application by Class Counsel for attorneys' fees and reimbursement of expenses, for a case contribution award to the

Plaintiffs, and all papers in support of those applications shall be filed with the Court and served on all counsel of record **by March 21, 2024**.

**Motion for Final Approval of Settlement and Plan of Allocation**. Class Counsel shall file with the Court a motion for entry of a Final Approval Order **by March 21, 2024**.

**Injunction**. Pending final determination of whether the Court should finally approve the Settlement, all Members of the Settlement Class and the Plan are enjoined from bringing an action that asserts an Released Claim against any Releasees.

**Termination of Settlement**. If the Settlement terminates in accordance with the Stipulation or does not become Final under the terms of the Stipulation for any other reason, this Order and all Class Findings shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order.

**Use of Order**. If this Order becomes of no force or effect, no part of it shall be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability, nor shall the Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the

Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have.

**DONE** and **ORDERED** this January 2, 2024.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE