IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Gloria Ferguson and Cassandra McClinton, individually and on behalf of others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No.: 2:19-cv-01135-MHH<br>) |
| v. | )<br>) |
| PNC Financial Services Group, Inc., *as successor in interest to BBVA Compass Bancshares, Inc.*, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

## MEMORANDUM OPINION

In conjunction with the parties' proposed settlement of this class action, Class Counsel have requested an award of attorney fees from the $6.1 million Settlement Fund. (Doc. 128).[1] Class Counsel—the three attorneys who represent the Plaintiffs and the Settlement Class—assert that they spent 5755.58 hours litigating this case to the point of settlement and another 176 hours working on the settlement approval process. (Doc. 129, p. 10 & p. 11 n.4).[2] Using the common fund approach to fee

---

[1] Capitalized words in this opinion match the defined terms in the parties' Stipulation of Settlement which appears in the record at Doc. 121-1.

[2] Since they filed their motions for attorney fees and for final approval of the class settlement in late March of 2024, Class Counsel have prepared and filed a declaration concerning Class Notice, (Doc. 133-1), and they attended the Fairness Hearing regarding the parties' proposed settlement, (April 18, 2024, minute entry).

awards, (Doc. 129, pp. 3-9), Class Counsel ask the Court to award them $2,033,332.13 in fees, (Doc. 129, p. 39).[3]

Rule 23(h) of the Federal Rules of Civil Procedure governs the award of attorney's fees in a class action. Pursuant to Rule 23(h), Class Counsel properly filed their motion for attorney's fees and costs before objections to the requested fees were due, and Class Counsel made their motion for fees available to the members of the Settlement Class on the settlement website. *See Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244, 1251–53 (11th Cir. 2020); *Drazen v. Pinto*, 101 F.4th 1223, 1239–40 (11th Cir. 2024).[4] The Court has not received objections to the requested fees. (Doc. 127-1, p. 5; Doc. 133-1, p. 4). As part of the parties' Stipulation of Settlement, PNC agreed not to take a position regarding a fee award of up to 33% of

---

[3] Class Counsel separately ask the Court to award them expenses of $152,891.22. (Doc. 129, pp. 35-36, 39). The Court will grant that request.

[4] The Short-Form Postcard Notice that the Settlement Administrator mailed to members of the Settlement Class on February 16, 2024, (Doc. 127-1, p. 4; Doc. 133-1, p. 3), mentions that Class Counsel would file an application for attorneys' fees and that members of the Settlement Class could file objections to the Settlement "no later than ***April 4, 2024***." (Doc. 127-1, p. 9) (bold and italics in the Short-Form Postcard Notice). The Short-Form Postcard Notice states that more detailed information regarding the Settlement was available at www.bbva401kSettlement.com. (Doc. 127-1, p. 9; *see also* Doc. 133-1, pp. 3-4 & Doc. 127-1, p. 4). The settlement administrator placed the Long-Form Notice on the settlement website. (Doc. 127-1, p. 4; Doc. 133-1, p. 4). The Long-Form Notice states that Class Counsel would be filing a petition for an attorney fee award by March 21, 2024, that a copy of the motion would be posted on the settlement website, that members of the Settlement Class could object to the fee petition, and that written objections to the Settlement had to be "**postmarked no later than April 4, 2024**." (Doc. 127-1, pp. 21-22 (bold and italics in the Long-Form Notice). The Long-Form Notice provides instructions for preparing and submitting written objections. (Doc. 127-1, p. 22).

the $6.1 million Settlement Fund.  (Doc. 121-1, p. 23).

The absence of objections does not release the Court from its obligation to assess the reasonableness of the requested fees.  In a class action, a district court acts as a fiduciary to ensure that a proposed settlement does not enrich class counsel and class representatives at the expense of absent class members.  *In re Equifax Inc. Cust. Data Security Breach Lit.*, 999 F.3d 1247, 1265 (11th Cir. 2021).  "The district court's role as a fiduciary reaches its zenith once class counsel moves the court for an award of attorney's fees."  *Drazen*, 101 F.4th at 1254.

> At "the fee-setting stage, '[class] counsel's understandable interest in getting paid the most for its work representing the class' comes into conflict 'with the class'[s] interest in securing the largest possible recovery for its members.'" *Johnson v. NPAS Sols., LLC,* 975 F.3d 1244, 1252-53 (11th Cir. 2020) (quoting *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010)).  Thus, the district court is under an obligation to serve as a fiduciary for the class plaintiffs, ensuring that the class has the chance to advocate for its own best interests. *Id.* at *1253*.  "The district court cannot properly play its fiduciary role unless—as in litigation generally—class *c*ounsel's fee petition has been fully and fairly vetted." *Id.*

*Drazen*, 101 F.4th at 1254 (brackets in *Drazen*).

Because the parties have negotiated a common fund settlement, the Court must use the percentage method to assess the proposed fee award.  *In re Home Depot Inc.*, 931 F.3d 1065, 1081 (11th Cir. 2019).[5]  The Court must determine what

---

[5] "A common-fund case is when a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Home Depot*, 931 F.3d at 1079.  This is a common fund case because after various fees and

percentage of the common fund reasonably compensates Class Counsel for their work in this case. "The majority of common fund fee awards fall between 20% to 30% of the fund." *Camden I Condominium Assoc. v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991). To determine the reasonable percentage for Class Counsel's work in this case, the Court considers the nature of the work performed, the time devoted to the work, the experience of the attorneys and the skill needed to represent the Plaintiffs and the Settlement Class, the results obtained, and the attorneys' risk in litigating this matter. *Home Depot Inc.*, 931 F.3d 1065, 1083 n. 17 (quoting *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

In their brief in support of their fee petition, Class Counsel argue that the claims in this case concern complicated ERISA issues, (Doc. 129, pp. 21-22), and that their recovery of 7.7% of the plaintiff class's estimated recovery "falls well above the range of reasonable recoveries," (Doc. 129, p. 29). They assert that before they filed this action, they engaged in "an extensive administrative process." (Doc. 129, p. 2). During the action, in addition to participating in discovery (that in this case involved

---

expenses are paid from the Settlement Fund, pursuant to the Plan of Allocation, the Settlement Administrator will calculate and distribute to the Plaintiffs and the members of the Settlement Class payments exhausting the sum remaining in the Settlement Fund. (Doc. 121-1, pp. 25–27; Doc. 129, p. 9). Distributions to members of the Settlement Class who participate in the PNC Plan will be deposited directly in the members' PNC Plan accounts. (Doc. 121-1, p. 26). The Settlement Administrator will mail checks to members of the Settlement Class who do not participate in the PNC Plan. (Doc. 121-1, p. 27). None of the money in the Settlement Fund will revert to PNC. (Doc. 121-2, p. 6).

4

significant document review), Class Counsel participated in two mediation sessions. (Doc. 129, p. 2).[6] Class Counsel indicate that they have "considerable experience handling complex ERISA class litigation" and that they are "knowledgeable in the applicable law." (Doc. 129-2, p. 2). Class Counsel point out that they engaged in motion practice. Class Counsel assert that because of the demands of this case, they had to forego other litigation to "spend time on this important case and not other cases." (Doc. 129, p. 25). Class Counsel also point out that they worked on a contingent-fee basis, advanced the costs of litigation, and "assumed the risk of no payment for a substantial amount of work since 2019." (Doc. 129, p. 26).

In the absence of objections from members of the Settlement Class or opposition from PNC, the record offers no alternative assessment of Class Counsel's work and qualifications, making it somewhat challenging for the Court to perform its role as fiduciary for the Settlement Class. Judicial experience confirms that ERISA litigation typically is complex, (Doc. 129-4, p. 7), and the number of hours Mr. White's analyst invested over four years, (Doc. 129-2, pp. 6-9), confirm that this case required significant data review. Class Counsel have provided information regarding their experience and training to substantiate their fee request. (Doc. 129-1, p. 9; Doc. 129-2, p. 3; Doc. 129-3, pp. 3–6). Because the Court examined and approved the

---

[6] Discovery likely was cabined by the fact that the BBVA Plan terminated in October 2021 shortly after PNC acquired BBVA. BBVA employees who became PNC employees also became participants in the PNC Plan. (Doc. 121-1, p. 4)

notice members of the Settlement Class were provided regarding the parties' settlement and having found that Class Counsel filed their motion for fees in advance of the deadline for objections to the class settlement, the Court accepts the silence from the members of the Settlement Class as lack of opposition to Class Counsel's fee request. And although the recovery of 7.7% of the plaintiff class's estimated recovery may seem minimal when compared with the goal of 100% recovery, the 7.7% result is substantially more than $0, the amount the Plaintiffs and the members of the Settlement Class likely would have recovered in the absence of Class Counsel's efforts. Class Counsel assumed significant risk in advancing the expenses associated with this case, and they have formulated a Plan of Allocation that assures to the maximum extent possible that all members of the Settlement Class will receive a cash distribution from the funds remaining after all fees and expenses are paid and that the Settlement Fund will be exhausted by payments to the Plaintiffs and members of the Settlement Class.[7]

---

[7] Class Counsel did, in fact, participate in motion practice, but by settling early, Class Counsel avoided the heavy lifting of class certification briefing and summary judgment briefing. The motion practice in this case was relatively limited for a complex class action.

The Court has considered the list of other fee awards that Class Counsel identified in support of their request for fees, (Doc. 129, p. pp. 32-33), and finds the list only minimally helpful because Class Counsel did not supply information about the circumstances surrounding the awards. For example, the Court presided over the *Camp v. City of Pelham* case. (Doc. 129, p. 32). The Court awarded fees in that FLSA case after the case was litigated through an appeal to the Eleventh Circuit Court of Appeals. *Camp v. City of Pelham*, 615 Fed. Appx. 422 (11th Cir. 2015); *Camp v. City of Pelham*, No. 2:10-CV-01270-MHH, 2015 WL 12746716 (N.D. Ala. Dec. 16, 2015). Some, if not many, of the cases cited may offer only an apples-to-oranges comparison.

Having considered the information available to it on the record in this case, the Court finds that 30% is a reasonable percentage to apply to the Common Fund to assess Class Counsel's fee in this case. Accordingly, in the Final Approval Order, the Court will award Class Counsel attorney fees in the amount of $ 1,830,000.[8]

**DONE** and **ORDERED** this June 14, 2024.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

Class Counsel also provide argument regarding reasonable hourly rates for their services. (Doc. 129, pp. 16–20). Given the posture of the fee request in this case, the Court does not believe it appropriate to express an opinion about a reasonable hourly rate of compensation.

[8] Class Counsel provided authority for applying the reasonable percentage rate, here 30%, to the entire $6.1 Settlement Fund, (Doc. 129, pp. 8-9), and the Court has applied the 30% fee rate accordingly. The Court wonders aloud whether a better practice would be to apply the reasonable percentage rate to the fund remaining after all expenses are paid. Doing to would provide incentive for Class Counsel to closely monitor expenses and litigate efficiently. The Court understands that there already is some incentive for efficient litigation; the post-expense approach might provide added incentive.