IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Gloria Ferguson and Cassandra McClinton, individually and on behalf of others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) |
| v. | ) Case No.: 2:19-cv-01135-MHH |
| | ) |
| PNC Financial Services Group, Inc., *as successor in interest to BBVA Compass Bancshares, Inc.*, | ) ) ) ) |
| | ) |
| Defendant. | ) |

## **FINAL APPROVAL ORDER AND FINAL JUDGMENT**

The Court held a final fairness hearing in this case on April 18, 2024. Based on the parties' written submissions and the information discussed in the final fairness hearing, the Court holds as follows:

Unless otherwise noted, the terms in this order shall have the same meaning as those used in the Stipulation of Settlement the parties executed on September 18, 2023. Terms defined in the Stipulation of Settlement are capitalized in this order.

The Court has jurisdiction over the subject matter of this Action and over the Parties to this Action, including the Members of the Settlement Class.

The Court approves the Settlement embodied in the Stipulation because the Settlement is a fair, reasonable, and adequate settlement and compromise of this Action. The parties negotiated the Settlement at arm's length, and the Settlement is

not the result of collusion or fraud. The Stipulation concerning the Settlement is binding and enforceable according to its terms and conditions.

Gloria Ferguson and Cassandra McClinton assert the claims in this action on behalf of the Compass SmartInvestor 401(k) Plan. The Settlement is designed and intended to benefit the Plan, the Plan's participants, and the Plan's beneficiaries. The Plan does not have claims other than those resolved in the Settlement, and the Plan releases its claims pursuant to the Settlement. The Plaintiffs' negotiation and consummation of the Settlement on behalf of the Plan and the Settlement Class does not constitute a "prohibited transaction" as defined by ERISA §§ 406(a) or (b), 29 U.S.C. §§ 1106(a) or (b). Per the analysis and opinion provided by the Independent Fiduciary, to the extent any transaction required by the Settlement constitutes a transaction prohibited by ERISA § 406(a), 29 U.S.C. §§ 1106(a), such transaction satisfies the provisions of Prohibited Transaction Exemption 2003-39. 68 Fed. Reg. 75632 (2003).

The Class Notice transmitted to the Settlement Class pursuant to the Preliminary Approval Order is the best notice practicable under the circumstances and included individual notice to all Members of the Settlement Class who could be identified through reasonable efforts. The Class Notice provided to the Members of the Settlement Class valid, timely, and sufficient notice of these proceedings and of the terms of the Stipulation of Settlement. The Class Notice satisfies the

requirements of Rule 23 of the Federal Rules of Civil Procedure, and the Class Notice satisfies the requirements of due process.

The Settlement Class is a non-opt-out class pursuant to Rules 23(a) and 23(b)(1) of the Federal Rules of Civil Procedure. The Settlement Class is defined as:

> All persons, other than Defendant, who were participants as of July 17, 2013 in the Compass Bancshares SmartInvestor 401(k) Plan, including (i) beneficiaries of deceased participants who, as of July 17, 2013, were receiving benefit payments or will be entitled to receive benefit payments in the future, and (ii) alternate payees under a Qualified Domestic Relations Order who, as of July 17, 2013, were receiving benefit payments or will be entitled to receive benefit payments in the future; and (b) all persons, other than BBVA, who have been participants or beneficiaries in either the Plan and had account balances in the Plan at any time between July 17, 2013 through October 9, 2021.

The "Class Period" runs from July 17, 2013, through October 9, 2021.

Consistent with the terms of the Stipulation of Settlement, the settlement administrator shall be paid for costs reasonably incurred in disseminating notice, including the costs of alerting Class Members regarding potential tax consequences of the payment, and in effectuating the Plan of Allocation pursuant to the terms of the Stipulation of Settlement.

Pursuant to Federal Rule of Civil Procedure 23(g), the Court confirms its appointment of Wiggins, Childs, Pantazis, Fisher & Goldfarb, LLC, the Law Office of Lange Clark, P.C., and James White Firm, LLC as co-lead Class Counsel.

Based on the Stipulation of Settlement, the Court dismisses the Amended

Complaint and the Action against Defendant with prejudice.

As of the date of Complete Settlement Approval and payment of the Settlement Amount, Plaintiffs, the Plan, and each Member of the Settlement Class on their own behalf and on behalf of their present or former agents, employees, attorneys, accountants, representatives, advisers, investment bankers, trustees, parents, heirs, estates, executors, administrators, successors, and assigns, shall be deemed to have released each and all of the Releasees from the Released Claims.

As of the date of Complete Settlement Approval and payment of the Settlement Amount, Defendant, including its present or former agents, employees, attorneys, accountants, representatives, advisers, investment bankers, trustees, parents, heirs, estates, executors, administrators, successors, and assigns, shall be deemed to have released the Plaintiff Released Parties from any claims that may have arisen out of this Action.

As of the date of Complete Settlement Approval and payment of the Settlement Amount, all release provisions shall be given full force and effect in accordance with each and all of their express terms and provisions, including those terms and provisions relating to unknown, unsuspected, or future claims, demands, or causes of action. Plaintiffs assume for themselves, and on behalf of the Settlement Class, and Defendant assumes the risk of any subsequent discovery of any matter of fact or law that, if now known or understood, would have affected or could have

affected any such Person's entering into the Stipulation of Settlement.

The Defendant has fully complied with the notice requirements of the Class Action Fairness Act of 2005, to the extent possible.

The members of the Settlement Class and the Plan are barred from the institution and prosecution, either directly or indirectly, of any other action in any court asserting any of the Released Claims against any and all Releasees.

The Court approves the Plan of Allocation for the Settlement Fund as fair, reasonable, and adequate. For Class Members who receive settlement allocations via check, the Settlement Administrator shall include with a settlement check language that notifies Class Members that there may be tax consequences associated with cashing their checks. Funds from checks issued to Class Members that remain uncashed after the deadline to cash checks expires shall be divided evenly between the Class Representatives as additional case contribution awards in an amount not to exceed $5,000.00 each. If the residual funds from uncashed checks exceed $10,000, the Parties shall seek direction from the Court as to how to distribute such Settlement Funds. Any modification or change in the Plan of Allocation made to address funds from uncashed checks shall not disturb or affect this Final Judgment.

* * *

Having finally approved the terms of the Stipulation of Settlement, the Class Notice, and the Plan of Allocation of Settlement funds to the Members of the

Settlement Class, the Court enters the following awards which shall be satisfied pursuant to the Stipulation of Settlement:

The Court awards plaintiffs Gloria Ferguson and Cassandra McClinton case contribution awards in the amount of at least $10,000.00 each and as much as $15,000.00 per the provisions of this order concerning funds from uncashed settlement checks.

The Court awards Class Counsel expenses in the amount of $152,891.22 to be paid from the Settlement Fund consistent with Paragraph 14 of the Stipulation of Settlement.

With respect to attorney fees, Class Counsel has requested an award of one-third of the Settlement Fund. (Doc. 128). For the reasons discussed in the memorandum opinion issued contemporaneously with this final approval order, the Court finds that attorney fees in the amount of 30 % of the $6.1 million common fund established in this Action are reasonable in light of the successful results achieved by Class Counsel, the monetary benefits obtained in this Action, the risks associated with the Action, and Class Counsel's skill and experience in class action litigation of this type. Accordingly, Class Counsel shall receive fees in the amount of $ 1,830,000.

Class Counsel's attorneys' fees and expenses and Plaintiffs' case contribution awards shall be paid pursuant to the timing provisions in the Stipulation of

Settlement.

* * *

The Court retains jurisdiction for purposes of implementing the Stipulation of Settlement and this Final Order and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Stipulation of Settlement, as may be appropriate for the resolution of disputes arising under the Stipulation of Settlement or this Final Order.

**DONE** and **ORDERED** this June 14, 2024.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE